PER CURIAM.
The appellant was charged with robbery, grand larceny, and resisting arrest. He was tried before a jury, acquitted of Count I, convicted of a lesser-included offense under Count II, and convicted under Count III.
On appeal, error is asserted in the form of the verdict as rendered in the conviction for the lesser-included offense under Count II, and that the trial judge should have declared a mistrial because of the alleged improper comment by counsel during closing argument.
As to the first error urged, no motion was directed to the trial court to correct the form of the verdict and, therefore, no error has been preserved for review by this court. Benitez v. State, 172 So.2d 520 (Fla. 4th D.C.A. 1965); Hall v. State, 203 So.2d 202 (Fla. 2nd D.C.A. 1967); Jones v. State, 248 So.2d 517 (Fla. 3rd D.C.A. 1971); McPhee v. State, 254 So.2d 406 (Fla. 1st D.C.A. 1971); Kruglak v. State, 300 So.2d 315 (Fla. 3rd D.C.A. 1974); State v. Barber, 301 So.2d 7 (Fla.1974); Davis v. United States, 409 U.S. 841, 93 S.Ct. 193, 34 L.Ed.2d 80 (1973). Even if the proper motion had been made, it is doubtful that any error would have been made to appear. Russo v. State, 340 So.2d 1273 (Fla. 4th D.C.A. 1976).
As to the second error urged, no objection to the first comment on the part of the prosecutor during closing argument was made and, therefore, no error has been made to appear in this regard. Rogers v. State, 158 Fla. 582, 30 So.2d 625 (1947); State v. Jones, 204 So.2d 515 (Fla.1967). Further, as to the second comment, upon objection by defense counsel the trial court offered to give a curative instruction and defense counsel requested he not do so. Therefore, the defendant will not now be heard to complain of this ruling. Further, it appears that the comment made by the prosecutor in closing argument, which was objected to, was nothing more than a valid comment on the evidence. Clinton v. State, 56 Fla. 57, 47 So. 389 (1908).
Therefore, for the reasons above stated, the jury’s verdict, adjudication and sentences here under review, be and the same are hereby affirmed.
Affirmed.