497 So.2d 1296 (1986)
Patrick McGRIFF, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1125.
District Court of Appeal of Florida, Third District.
November 18, 1986.
*1297 Bennett H. Brummer, Public Defender and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen. and Edward Tobin, Certified Legal Intern, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.

REVISED OPINION
PER CURIAM.
The defendant Patrick McGriff appeals his convictions following an adverse jury verdict finding him guilty of strong armed robbery and simple battery and the sentences imposed thereon as an habitual offender.[1] He raises three points for reversal: that his confession was obtained through deception, coercion and force, that the testimony of police officers regarding photograph identification was inadmissible hearsay, and lastly, that the defendant could not be sentenced under Section 775.084, Florida Statutes (1983), as an habitual offender because the trial court did not have before it evidence of prior felony convictions within the requisite five-year period and did not make the requisite finding that enhancement of sentence was necessary to protect the public from further criminal activity.
The evidence was in dispute as to the allegations of brutality, deception and coercion. Therefore, we find no error in the trial court's finding the confession to have been voluntary and in its ruling on the admissibility of the confession. Kennedy v. State, 455 So.2d 351, 353 (Fla. 1984), cert. denied, 469 U.S. 1197, 105 S.Ct. 981, 83 L.Ed.2d 983 (1985); Paramore v. State, 229 So.2d 855, 858-59 (Fla. 1969), modified *1298 on other grounds, 408 U.S. 935, 92 S.Ct. 2857, 33 L.Ed.2d 751 (1972); Rubasky v. State, 401 So.2d 894 (Fla. 5th DCA), cert. denied, 454 U.S. 973, 102 S.Ct. 524, 70 L.Ed.2d 393 (1981); La Rocca v. State, 401 So.2d 866, 867-68 (Fla. 3d DCA 1981); State v. Presley, 389 So.2d 216, 217 (Fla. 5th DCA 1980).
The defendant's next point, attacking the admissibility of certain police testimony concerning a photo lineup identification of the defendant, does not present reversible error. We conclude that the error, if any, in admitting the testimony was harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The record shows that defense counsel, in opening statement to the jury, indicated that the evidence would show that the defendant was arrested based on a photo identification by one William Majors. At trial, the state established this fact through the hearsay testimony of a police officer. Inasmuch as the defendant conceded this fact to be true in opening statement, it is a mystery to us how the admission of this testimony in any way prejudiced him. Moreover, when the state later rested without calling William Majors as a witness, the defendant raised no protest; and the prosecuting attorney did not even rely on the subject identification in his final argument to the jury as it was not a weighty point in the case. Under these circumstances, we think that the error, if any, in admitting this hearsay testimony, which established a fact that the defense conceded to be true, was harmless beyond a reasonable doubt. This being so, the cases of Postell v. State, 398 So.2d 851 (Fla. 3d DCA), pet. for review denied, 411 So.2d 384 (Fla. 1981), and Molina v. State, 406 So.2d 57 (Fla. 3d DCA 1981), are completely distinguishable and do not, as urged, require a reversal in this case.
We do find, however, that the trial court erred in not following the mandates of Section 775.084, Florida Statutes (1983), relative to enhancing a sentence and therefore we vacate the sentences imposed and return the matter to the trial court for a resentencing. The convictions and adjudication of guilt are affirmed. The sentences are reversed and the matter is returned to the trial court for further proceedings not inconsistent with this opinion.
Affirmed in part, reversed in part, with directions.
NOTES
[1] The facts giving rise to the instant case are as follows: The victim was heading south on S.W. 112 Avenue near Green's Food Center, in Dade County, Florida, when she was involved in an automobile accident. Her vehicle came to rest in or near the parking lot of the grocery store. There were several people in the area at the time of the accident. Shortly after the victim's car came to a halt, 5 or 6 males approached the victim's car. The victim asked them if one of them would call her father. When she put her arm out the window of the car her bracelet was taken from her wrist. A man jumped into the car over the lap of the victim and he started checking out the interior of the car. About that time a white van driven by a Mr. Ayers pulled up and stopped. He helped her out of the car and they walked towards his van. The people in the area crowded about them. Suddenly the victim was hit on the head and fell to the pavement and someone grabbed her purse. Mr. Ayers was also struck in the face suffering a broken jaw. The victim and Mr. Ayers were able to get up, get into the van and drive away. They reported the incident to the police who at a later date arrested the defendant herein. He was ultimately charged with the robbery of the victim and aggravated assault of Mr. Ayers.