505 So.2d 523 (1987)
Byron D. DELIFORD, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2718.
District Court of Appeal of Florida, Third District.
March 31, 1987.
Rehearing Denied April 29, 1987.
*524 Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., and Geri Weintraub, Certified Legal Intern, for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
The defendant Byron D. Deliford appeals a judgment of conviction and sentence entered against him on an adverse jury verdict. We affirm the judgment of conviction, reverse the sentence, and remand for resentencing, based on the following briefly stated legal analysis.
First, we reject the defendant's contention that the trial court erred in allowing the state to introduce similar act evidence of an auto theft for which the defendant had previously been found not guilty because, as counsel conceded at oral argument, the defendant was not, in fact, acquitted of the auto theft. We further reject the defendant's contention, made at oral argument, that the auto theft evidence was not otherwise admissible, as such evidence was plainly relevant in order to give an intelligent account of the crime charged. See Kinchen v. State, 297 So.2d 341, 341 (Fla. 3d DCA 1974); Feldman v. State, 212 So.2d 21, 22 (Fla. 3d DCA 1968); Horner v. State, 149 So.2d 863, 865 (Fla. 3d DCA 1963).
Second, we reject the defendant's contention that the trial court erred in denying a defense motion for a mistrial based on the prosecuting attorney's closing argument to the jury because: (a) the defendant did not object to the complained-of argument until after the prosecuting attorney had completed his argument, and, accordingly, the point has not been properly preserved for appellate review, see Wilson v. State, 436 So.2d 908, 910 (Fla. 1983); State v. Cumbie, 380 So.2d 1031, 1033 (Fla. 1980); Clark v. State, 363 So.2d 331, 334-35 (Fla. 1978), and, (b) the complained-of argument was entirely proper in any event. See Francis v. State, 384 So.2d 967, 968-69 (Fla. 3d DCA 1980); Delaney v. State, 342 So.2d 1098, 1099 (Fla. 3d DCA 1977); Wilson v. State, 305 So.2d 50, 52 (Fla. 3d DCA 1975).
Third, we accept the state's concession that the defendant's sentencing point has merit. The Florida Supreme Court has held, subsequent to the imposition of sentence below, that habitual offender status of a defendant is not a valid basis for departing from the sentencing guidelines. Whitehead v. State, 498 So.2d 863 (Fla. 1986). Because the defendant's habitual offender status was the sole reason given by the trial court for departing from the sentencing guidelines in this case, the sentence imposed must be reversed and the cause remanded for resentencing.
The final judgment of conviction under review is affirmed. The sentence under review is reversed and the cause is remanded to the trial court with directions to resentence the defendant within the sentencing guidelines.
Affirmed in part; reversed in part and remanded.