506 So.2d 495 (1987)
Larry BROCKINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1784.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
This is an appeal from a guidelines departure sentence. Appellant, Larry Brockington, was charged with burglary of a dwelling and grand theft. Following a jury trial, the jury returned a verdict of guilty of burglary on count one, and of petit theft on count two. A guidelines scoresheet prepared for sentencing showed a total of 66 points, placing the sentence in the range of community control or 12 to 30 months' incarceration. The trial court determined to depart from the guidelines, noting both at the sentencing hearing and in writing on the guidelines scoresheet as follows:
In 1983 I sentenced this defendant to community control  he violated that twice and I sent him to prison two years. After being released he is again convicted of the same crime  burglary  30 months is not sufficient.
The trial court adjudicated Brockington guilty of the crimes as found by the jury, and sentenced him to four years' imprisonment for the burglary and one year's probation, to run consecutively, for the petit theft. Brockington timely appeals, contending departure was improper.
Prior to Williams v. State, 504 So.2d 392 (Fla. 1987), it would have been difficult for us to affirm this departure. Now, however, the pendulum has swung, and the Florida Supreme Court has held that a "continuing and persistent pattern of criminal activity" demonstrating the futility of rehabilitation constitutes a clear and convincing reason for departure. Williams at 392. This is a step beyond Keys v. State, 500 So.2d 134 (Fla. 1986), which recognized an "escalating course of criminal conduct" as a basis for departure, and indicates approval of departure sentences for persistent offenders.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.