506 So.2d 495 (1987)
STATE of Florida, Appellant,
v.
Luis Felipe CARRILLO, Appellee.
No. 86-2017.
District Court of Appeal of Florida, Fifth District.
May 7, 1987.
*496 Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellee.
COBB, Judge.
The state timely appeals an order granting a motion to suppress made by appellee, Luis F. Carrillo, in an action charging Carrillo with driving under the influence. The specific question on appeal has been referred to this court by the county court pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(B). The certified question reads as follows:
WHETHER A POLICE OFFICER MAY PULL OVER A VEHICLE THAT IS NOT VIOLATING THE TRAFFIC LAWS IN THE OFFICER'S PRESENCE EVEN THOUGH THE DRIVING OF THE VEHICLE MAY LEAD THE OFFICER TO BELIEVE THAT THE DRIVER MAY BE IMPAIRED, ABSENT LEGISLATIVE AUTHORITY.
Carrillo's motion alleged that the evidence was illegally seized as a product of a traffic stop which amounted to an arrest for a traffic infraction without probable cause. The testimony elicited from the arresting officer, Trooper Tindel, at the suppression hearing revealed that at approximately 2:00 A.M. he observed Carrillo driving northbound on State Road 500. Tindel saw the vehicle move to the extreme right-hand side of the road and then to the extreme left-hand side of his lane. Carrillo's tires touched the lane boundaries, but did not leave the lane. Tindel observed Carrillo continue this pattern for approximately one-quarter of a mile, doing the weaving pattern in excess of five times. Based on Carrillo's driving, Tindel believed Carrillo was intoxicated. Tindel then stopped the vehicle and, after observing Carrillo's demeanor, he arrested him for driving under the influence of alcohol. Carrillo was not issued a citation for the offense of failure to drive within a single lane.
At the end of the hearing, the lower court granted the motion to suppress, and certified the above question as one of great public importance. We accept review and quash the county court's order of suppression.
The question, as framed, assumes the fact that the method in which Carrillo drove the car led Trooper Tindel to believe he was driving while impaired  as Tindel testified at the hearing. In other words, the credibility of that testimony is not at issue, and it was accepted by the trial judge. Cf., Dooley v. State, 501 So.2d 18 (Fla. 5th DCA 1986). Section 901.15(1), Florida Statutes (1985), authorizes an officer to arrest a person who commits a misdemeanor in his presence. Driving a vehicle while under the influence of alcohol is a misdemeanor per section 316.193, Florida Statutes (1985). Even in the absence of probable cause for such an arrest prior to the stop, an officer can stop a driver based upon a founded suspicion that he is driving while under the influence. Thereafter, investigation may establish probable cause for arrest. See § 901.151, Fla. Stat. (1985); see also Bailey v. State, 319 So.2d 22 (Fla. *497 1975); Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987).
The certified question, therefore, posits an incongruous factual setting. If the driving of the vehicle led the officer to believe (i.e., to have a founded suspicion) that the driver was impaired, then there was a legal basis (i.e., legislative authority) to stop him, and after the stop probable cause was established to arrest him for having committed a misdemeanor offense in the officer's presence.
DISCRETIONARY REVIEW ACCEPTED; ORDER OF SUPPRESSION QUASHED.
UPCHURCH, C.J., and ORFINGER, J., concur.