511 So.2d 1016 (1987)
Therion FRIERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2201.
District Court of Appeal of Florida, Fifth District.
July 2, 1987.
*1017 Therion Frierson, pro se, Polk City.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant, Frierson, was convicted in 1985 of burglary of a structure, and sentenced to a term of ten years, the trial judge departing from the guidelines based on a finding that Frierson was an habitual offender. He appealed that conviction but not the sentence, and there was an affirmance by this court in March, 1986. In November, 1986, Frierson filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a)[1] to reduce his sentence to conform to the guideline range of two-and-a-half to three-and-a-half years. The motion specifically relied upon the Florida Supreme Court case of Whitehead v. State, 498 So.2d 863 (Fla. 1986). That motion was summarily denied by the trial judge on November 25, 1986, and this appeal ensued.
In Whitehead the Florida Supreme Court held that, in view of the sentencing guidelines, the habitual offender statute (§ 775.084) is no longer viable  i.e., it was repealed by implication. See Whitehead v. State, 498 So.2d 863, 867 (Fla. 1986) (Overton, J., dissenting). See also Bass v. State, 12 FLW 289 (Fla. June 11, 1987).[2] Since section 775.084 was repealed by enactment of the guidelines as of October 1, 1983, the maximum legal sentence which could have been imposed upon Frierson in 1985 was five years, not ten years.[3] Rule 3.800(a) is available at any time to correct an illegal sentence, and the trial court erred in its summary denial of Frierson's motion.
Upon remand for resentencing, the trial court may not enter a departure sentence in excess of five years, and may not depart from the guidelines at all based merely on a simple finding that Frierson is "an habitual offender." Departure may be available in this case, however, if requisite findings are made in conformity with Williams v. State, 504 So.2d 392 (Fla. 1987). See Brockington v. State, 506 So.2d 495 (Fla. 5th DCA 1987).
REVERSED and REMANDED for resentencing.
UPCHURCH, C.J., and SHARP, J., concur.
NOTES
[1] The rule provides:

A court may at any time correct an illegal sentence imposed by it... .
[2] But see McCuiston v. State, 12 FLW 1357 (Fla. 2nd DCA May 29, 1987); Kiser v. State, 505 So.2d 9 (Fla. 1st DCA 1987).
[3] Frierson was convicted of burglary of a structure, which is a third-degree felony carrying a statutory maximum penalty of five years' imprisonment. §§ 810.02(3), 775.082(3)(d), Fla. Stat. (1985).