515 So.2d 261 (1987)
Dean Robert KERSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 87-933.
District Court of Appeal of Florida, Fifth District.
September 24, 1987.
On Motion for Rehearing and to Certify Conflict November 5, 1987.
*262 Dean Robert Kersey, in pro. per.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Kersey appeals from a summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We find no merit to Kersey's first five points, but with regard to the challenge of the legality of his 30-year sentence, we vacate the sentence and remand for resentencing, on the authority of Frierson v. State, 511 So.2d 1016, (Fla. 5th DCA, 1987).
Kersey was convicted on March 28, 1985 of committing a lewd act in the presence of a child.[1] That offense is a second degree felony, with a statutory maximum sentence of 15 years.[2] Because of his prior record, and being on parole, Kersey's composite score under the guidelines was 372 points, which placed him in the 12-to-17-year presumptive sentence range.[3] The trial court declared he was a "habitual offender," and sentenced him to a term of 30 years. No other grounds for "departure" were given.
In Whitehead v. State, 498 So.2d 863 (Fla. 1986), the Florida Supreme Court held that the finding that a defendant was a habitual offender, pursuant to section 775.084, was not a valid basis to "depart" from the sentencing guidelines' presumptive sentence range. Since the 30-year sentence in Kersey's case greatly exceeds the presumptive sentence range, it constitutes an illegal sentence, and may be challenged collaterally. Frierson; Hall v. State, 511 So.2d 1038 (Fla. 1st DCA, 1987).
On remand, however, the state argues that the trial court should be able to sentence Kersey to 17 years, the maximum of the applicable guidelines range, even though that exceeds the statutory maximum, and appears to conflict with Florida Rule of Criminal Procedure 3.701.d.10., which states:
If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
The state urges that we adopt the view taken by our sister courts in Hall and Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987). Those cases hold that the habitual offender statute enhances the maximum sentence permissible, and thus makes legal the imposition of a sentence, so long as it is within the guidelines range, and no greater than the enhanced statutory maximum. In this case, the habitual offender statute would enhance Kersey's offense, a second degree felony, to a 30-year statutory maximum. Therefore, 17 years, the maximum of the guidelines range, would be permissible under this view.
In Frierson we held that the habitual offender statute had been repealed by enactment of the guidelines, and that a sentence enhanced by the habitual offender statute is illegal if it exceeds the general statutory maximum punishment for the applicable offense. We are bound by that decision, but we note a conflict with Hall and Hoefert. Whitehead does not expressly deal with this issue, and the language in the revised committee note to rule 3.701.d.10., quoted in Hoefert lends support to the views of our sister courts. We hope that before resentencing in this case, the Supreme Court will have resolved the confusion.
SENTENCE VACATED; REMANDED.
UPCHURCH, C.J., and COBB, J., concur.

*263 ON MOTION FOR REHEARING/MOTION TO CERTIFY CONFLICT
SHARP, Judge.
Pursuant to motion by appellee, this Court amends its prior opinion issued in this case by adding thereto the following statement: We certify that this opinion is in direct conflict with Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987) and Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987).
UPCHURCH, C.J., and COBB, J., concur.
NOTES
[1] § 800.04, Fla. Stat. (1985).
[2] § 775.082(3)(c), Fla. Stat. (1985).
[3] See Fla.R.Crim.P. 3.701, 3.988.