PER CURIAM.
Patrick McGriff appeals his thirty-year sentence for robbery and battery. We reverse.
On January 27, 1987, the defendant was convicted of strong-arm robbery and simple battery. Although the recommended sentence under the sentencing guidelines was 7 to 9 years the trial court provided two reasons for exceeding the guidelines and sentenced the defendant to fifteen years for the robbery conviction and one year for the battery conviction, the statutory maximum sentence for each offense. See §§ 775.082(3)(c) and (4)(a), Fla.Stat. (1985). The sentences were to run concurrently. The state then requested that the defendant be declared an habitual offender and sentenced under section 775.084, Florida Statutes (1985). The trial court granted the state’s request and the sentence was increased to thirty years. The defendant appealed his convictions and sentences. See McGriff v. State, 497 So.2d 1296 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla.1987). This court affirmed the convictions but vacated the sentences finding that the trial court failed to comply with the procedures established in section 775.084, Florida Statutes (1985). After conducting the proper investigation and hearing, the trial court once again found the defendant to be an habitual offender and re-sentenced him to thirty years. The defendant appeals.
Citing Whitehead v. State, 498 So.2d 863 (Fla.1986), the defendant contends that it was error for the trial court to enhance his sentence pursuant to the habitual offender statute because the habitual offender statute cannot be used as either an alternative to the sentencing guidelines or a reason to depart from the sentencing guidelines. He further argues that Whitehead stands for the proposition that the legislature implicitly repealed the habitual offender statute when it enacted the sentencing guidelines. See Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987). We disagree.
It must be noted that our decision to remand this case was rendered prior to the supreme court’s decision in Whitehead. Although the supreme court has not addressed the issue raised by the defendant concerning the continued viability of the habitual offender statute, under our interpretation of Whitehead, section 775.084, Florida Statutes (1985), remains effective as limited by the supreme court. See Bellinger v. State, 513 So.2d 732 (Fla. 3d DCA 1987); Reid v. State, 512 So.2d 1161 (Fla. 3d DCA 1987); Condiles v. State, 512 So.2d 331 (Fla. 3d DCA 1987).
There are two points to consider in reviewing the sentence imposed against the defendant: (1) whether the trial court erred in applying the habitual offender statute to enhance the sentence and (2) whether the trial court erred in exceeding the recommended range of the sentencing guidelines.
Under Florida Rule of Criminal Procedure 3.701(d)(10), if a defendant’s score indicates a guidelines’ sentence that exceeds the statutory maximum sentence, the statutory maximum should be imposed. The reverse is not also true. If the statutory maximum exceeds the recommended range under the guidelines, the guidelines may not be exceeded unless there are clear and convincing reasons to warrant increasing the sentence. Williams v. State, 504 So.2d 392 (Fla.1987); Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987); Fla.R. Crim.P. 3.701(d)(ll). The recidivistic nature of a defendant is not a valid reason for departing from the sentencing guidelines. Whitehead, 498 So.2d at 865; Deliford v. State, 505 So.2d 523 (Fla. 3d DCA 1987). However, the habitual offender statute may be used to exceed the statutory maximum so long as the sentence does not exceed the guidelines. Condiles, 512 So.2d at 331; Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986). The enhancement of a sentence pursuant to the habitual offender statute is prohibited where the enhanced sentence exceeds the guidelines.
In the present case, the trial court imposed the maximum statutory sentence of fifteen years which is greater than the guidelines’ recommendation. Neither of the two reasons given for this departure sentence were that the defendant was an habitual offender. In fact, the record reveals that the trial judge was fully aware *96 that a departure from the recommended range could not be based on the habitual offender, statute. Having exceeded the guidelines the court then proceeded to find the defendant to be an habitual offender and the sentence was increased from fifteen to thirty years by applying section 775.084, Florida Statutes (1985). Clearly, such action circumvents the law. See Whitehead. The trial court may not exceed the guidelines using reasons other than a defendant’s habitual nature and then apply the habitual offender statute to further enhance the sentence.
Finally, we must address the two reasons given by the trial court to justify the enhanced sentence, i.e., the defendant’s escalating pattern of violence and the defendant’s use of excessive force. An escalating pattern of violence is a valid reason for departure from the guidelines. Keys v. State, 500 So.2d 134 (Fla.1986); see also Williams v. State, 504 So.2d at 393; Brockington v. State, 506 So.2d 495 (Fla. 5th DCA 1987). However, excessive force has been held to be an invalid reason because force is factored into the sentence as an element of the crime. Neeley v. State, 498 So.2d 690 (Fla. 5th DCA 1986). Although the trial judge stated in her order that each reason by itself was sufficient to justify the departure sentence, we are not convinced beyond a reasonable doubt that the sentence would be the same without the invalid reason. See Griffis v. State, 509 So.2d 1104 (Fla.1987); Albritton v. State, 476 So.2d 158 (Fla.1985).
We certify to the Supreme Court of Florida the same question which we did in Condiles v. State so as to pair the cases for review.
Accordingly, the cause is remanded to the trial court for resentencing consistent with this opinion. Assuming the trial court finds sufficient reason to exceed the recommended sentence, the habitual offender statute may not then be employed to further augment the defendant’s sentence.