521 So.2d 164 (1988)
Daniel L. INSCHO, Appellant,
v.
STATE of Florida, Appellee.
No. 87-437.
District Court of Appeal of Florida, Fifth District.
February 4, 1988.
Rehearing Denied March 9, 1988.
Daniel L. Inscho, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
EN BANC
PER CURIAM.
This case involves the effect of the habitual offender statute, section 775.084, Florida Statutes, as to guideline sentences under Rule 3.701, Florida Rules of Criminal Procedure, and as to enhancement of the statutory maximum for sentences under section 775.082, Florida Statutes. Because of our conclusion that we should recede *165 from certain prior decisions of this court, we consider this case en banc. Fla.R.App. P. 9.331(a).
As to a particular defendant and a particular criminal offense, there are two limitations on the length of a lawful sentence of confinement. The first limitation is that the sentence cannot exceed the recommended guidelines sentence provided by Rule 3.701, Florida Rules of Criminal Procedure. The second limitation is that the sentence cannot exceed the general statutory maximum for the offense provided by the legislature in section 775.082, Florida Statutes. The first limitation is subject to an exception in that Rule 3.701, Florida Rules of Criminal Procedure, provides that for clear and convincing reasons, the trial judge can depart from the recommended guidelines. In a somewhat similar way the general statutory maximums are subject to an exception in that section 775.084, Florida Statutes, the habitual offender statute, provides that as to certain qualified defendants, the general statutory maximum length of sentence provided for in section 775.082, Florida Statutes, shall be enhanced and the permissible maximum term of confinement extended. Each limitation, guideline rule, and statutory maximum is separate and independent of the other except the guidelines rule expressly provides that statutory maximum sentence.[1]
The question was first presented as to whether the fact that the defendant was an habitual offender as described in section 775.084, Florida Statutes, was a "clear and convincing" reason for departing from the recommended guidelines sentence. This court, based on the reasoning in Hendrix v. State, 475 So.2d 1218 (Fla. 1985), held that the status of the defendant as an habitual offender does not justify a departure from the recommended guidelines sentence because the defendant's prior criminal record, which is the basis for his classification as an habitual offender, has already been weighed in arriving at the presumptive sentence. Vicknair v. State, 483 So.2d 896 (Fla. 5th DCA 1986), aff'd., 498 So.2d 416 (Fla. 1986). The supreme court likewise so held in Whitehead v. State, 498 So.2d 863 (Fla. 1986). This court followed Whitehead in Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987).
However, sometimes the guidelines authorize a sentence in excess of the statutory maximum, or there exist valid clear and convincing reasons for departure from the recommended guidelines sentence. The question is then presented as to whether the habitual offender statute is viable to extend the general statutory maximum provision of section 775.082, Florida Statutes. This question was not presented in Vicknair, Whitehead or Frierson. This latter question recently has been presented to other district courts of appeal which, while recognizing that under Whitehead, the habitual offender statute is not a clear and convincing reason for departing from the recommended guidelines sentence, nevertheless, that statute is viable to extend the general statutory maximums contained in section 775.082, Florida Statutes. See McGriff v. State, 517 So.2d 94 (Fla. 3d DCA 1987); McMillan v. State, 516 So.2d 1064 (Fla. 4th DCA 1987); Wooten v. State, 515 So.2d 331 (Fla. 3d DCA 1987); Johnson v. State, 513 So.2d 1388 (Fla. 3d DCA 1987); Priester v. State, 513 So.2d 796 (Fla. 4th DCA 1987); Bellinger v. State, 513 So.2d 732 (Fla. 3d DCA 1987); Sims v. State, 513 So.2d 671 (Fla. 2d DCA 1987); Reid v. State, 512 So.2d 1161 (Fla. 3d DCA 1987); Condiles v. State, 512 So.2d 331 (Fla. 3d DCA 1987); King v. State, 511 So.2d 1131 (Fla. 4th DCA 1987); Hall v. State, 511 So.2d 1038 (Fla. 1st DCA 1987); Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987); Smith v. Wainwright, 508 So.2d 768 (Fla. 2d DCA 1987); Washington v. State, 508 So.2d 565 (Fla. 2d DCA 1987); Hester v. State, 503 So.2d 1342, 1346 (Fla. 1st DCA 1987); Holmes v. State, 502 So.2d 1302 *166 (Fla. 1st DCA 1987); Winters v. State, 500 So.2d 303 (Fla. 1st DCA 1986); Myers v. State, 499 So.2d 895 (Fla. 1st DCA 1986).
In Whitehead the supreme court, in holding that the status of the habitual offender under section 775.084, Florida Statutes, was not a valid reason for departing from the recommended guidelines sentence, rather than merely relying on the holding in Hendrix, unfortunately used figurative language and stated that the approval of the guidelines by the legislature served to "repeal" the habitual offender statute. This court in Frierson adopted the same figurative language in Whitehead resulting in the panel in Kersey v. State, 515 So.2d 261 (Fla. 5th DCA 1987), conflict certified, (Fla. 5th DCA Nov. 5, 1987),[2] holding that it was bound by the language in Frierson and holding that the habitual offender statute is not viable to authorize an enhancement or extension of the general statutory maximum of section 775.082, Florida Statutes. Likewise, the panel in Cord v. State, 12 F.L.W. 2738 (Fla. 5th DCA Dec. 3, 1987) citing Frierson and Kersey, reached the same conclusion. We now believe that the habitual offender statute should be held to serve to expand the general statutory maximum provided for in section 775.082, Florida Statutes, when applicable, although that statute is not a clear and convincing reason for departure from the recommended guidelines sentence.
Accordingly, we follow the reasoning in Hendrix, Vicknair, Whitehead and Frierson, without reference to the unnecessary language about the guidelines "repealing" the habitual offender statute; recede from Kersey and Cord and agree with the cases cited above from the other district courts of appeal.
The defendant in the instant case was sentenced to a forty year term for the offense of aggravated battery, a second degree felony. Section 775.082(3)(c), Florida Statutes, provides for a fifteen year term of imprisonment for a second degree felony. Section 775.084(4)(a)2, Florida Statutes, mandates an enhancement of the general statutory maximum to a term not exceeding thirty years for habitual offenders. We find the written reasons for departure enunciated by the trial court, other than those relying upon habitual offenses, sufficient to justify the departure in this case to the enhanced statutory maximum. See Albritton v. State, 476 So.2d 158 (Fla. 1985). Therefore, the sentence in this case is reduced to the thirty year maximum term permissible under the habitual offender statute for a second degree felony and, as modified, is
AFFIRMED.
SHARP, C.J., and DAUKSCH, ORFINGER, COBB and COWART, JJ., concur.
NOTES
[1] Rule 3.701(d)10, Florida Rules of Criminal Procedure, provides:

10. Sentences exceeding statutory maximums: If the composite score for a defendant charged with a single offense indicates a guideline sentence that exceeds the maximum sentence provided by statute for that offense, the statutory maximum sentence should be imposed.
[2] On December 9, 1987, the State of Florida filed a Petition for Review of Kersey v. State in the Florida Supreme Court (State v. Kersey, No. 71,568 (Fla. Filed Dec. 9, 1987)).