528 So.2d 396 (1988)
Patrick McGRIFF, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-572.
District Court of Appeal of Florida, Third District.
April 26, 1988.
*397 Bennett H. Brummer, Public Defender, and Robert Kalter, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and BASKIN, JJ.

ON MOTION FOR CLARIFICATION AND MODIFICATION
PER CURIAM.
The state filed a motion for clarification and modification contemporaneously with its notice to invoke the discretionary jurisdiction of the supreme court. The supreme court temporarily relinquished jurisdiction pending this court's consideration of the state's motion. Subsequent to our opinion dated December 22, 1987, McGriff v. State, 517 So.2d 94 (Fla. 3d DCA 1987), and prior to relinquishment of jurisdiction of this case, the supreme court resolved the confusion over the viability of the habitual offender statute by stating that although the habitually criminal nature of a defendant may not be used as a reason for departing from the sentencing guidelines, Whitehead v. State, 498 So.2d 863 (Fla. 1986), the statute remains an effective vehicle for enhancing a sentence provided that sentence does not exceed the recommended range of the guidelines. Winters v. State, 522 So.2d 816 (Fla. 1988). This issue being resolved, we turn to the state's motion for clarification. We hereby vacate our decision of December 22, 1987, and substitute the following:
Patrick McGriff appeals his thirty-year sentence for robbery and battery. We reverse.
On January 27, 1987, the defendant was convicted of strong-arm robbery and simple battery. Although the recommended prison term under the sentencing guidelines was 7 to 9 years, the trial court provided two reasons for exceeding the guidelines and sentenced the defendant to fifteen years for the robbery conviction and one year for the battery conviction, the statutory maximum sentence for each offense. See §§ 775.082(3)(c) and (4)(a), Fla. Stat. (1985). The sentences were to run concurrently. The state then requested that the defendant be declared an habitual offender and sentenced under section 775.084, Florida Statutes (1985). The trial court granted the state's request, and the sentence was increased to thirty years. The defendant appealed; this court affirmed the convictions but vacated the sentences finding that the trial court failed to comply with the procedures established in section 775.084. McGriff v. State, 497 So.2d 1296 (Fla. 3d DCA 1986), review denied, 506 So.2d 1042 (Fla. 1987). After conducting the proper investigation and hearing, the trial court once again found the defendant to be an habitual offender and resentenced him to thirty years. The defendant appeals.
In reviewing the sentence imposed against the defendant there are two points to consider: (1) whether the trial court erred in exceeding the recommended range of the sentencing guidelines, and (2) whether the habitual offender statute may be applied to further enhance that augmented sentence.
*398 Under Florida Rule of Criminal Procedure 3.701(d)(10), if after calculating a defendant's score, the court arrives at a guidelines based sentence that exceeds the statutory maximum sentence, the statutory maximum should be imposed. However, the reverse is not true. If, as here, the statutory maximum exceeds the guidelines sentence, the maximum sentence may be imposed only if there are clear and convincing reasons to warrant an increase. Williams v. State, 504 So.2d 392 (Fla. 1987); Hester v. State, 503 So.2d 1342 (Fla. 1st DCA 1987); Fla.R.Crim.P. 3.701(d)(11).
The trial court gave two reasons to justify the enhanced sentence: the defendant's escalating pattern of violence and the defendant's use of excessive force. An escalating pattern of violence is a valid reason for departure from the guidelines. Keys v. State, 500 So.2d 134 (Fla. 1986); see also Williams, 504 So.2d at 393; Brockington v. State, 506 So.2d 495 (Fla. 5th DCA 1987). Excessive force is generally a valid reason, Harris v. State, 482 So.2d 548 (Fla. 4th DCA 1986); Sabb v. State, 479 So.2d 845 (Fla. 1st DCA 1985); however, in the instant case, it is invalid because victim injury had already been calculated on the guidelines scoresheet, Mathis v. State, 515 So.2d 214, 216 (Fla. 1987); Hansbrough v. State, 509 So.2d 1081, 1088 (Fla. 1987). Although the trial judge stated in her order that each reason by itself was sufficient to justify the departure sentence, we are not convinced beyond a reasonable doubt that the sentence would be the same absent consideration of the invalid reason. See Griffis v. State, 509 So.2d 1104 (Fla. 1987); Albritton v. State, 476 So.2d 158 (Fla. 1985).
We are fully aware of the opinion of the first district in Felts v. State, 13 F.L.W. 205 (Fla. 1st DCA 1988), which states that section 921.001(5), Florida Statutes, as amended by chapter 87-110, section 2, is to be applied to all cases pending as of July 1, 1987, the effective date of the amendment. However, such an interpretation would violate the prohibition against ex post facto laws. There are two criteria for determining whether a penal law is ex post facto: "it must apply to events occurring before its enactment (retrospective), and it must disadvantage the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981). Application of chapter 87-110, section 2, to crimes committed prior to July 1, 1987, violates these provisions by preventing judicial review of a sentence which departs from the guidelines where there is at least one valid reason amongst multiple reasons given for the departure. This restriction is clearly disadvantageous to the offender who, prior to the amendment, might be eligible for a review of his departure sentence by the trial court where both valid and invalid reasons are given to support the sentence and it is not clear whether the sentence would be the same in the absence of the invalid reason. Albritton, 476 So.2d at 158. Accordingly, the amendment may only be applied prospectively. We continue to apply the Albritton standard but, as in State v. Mesa, 520 So.2d 328 (Fla. 3d DCA 1988), we certify the following question as one of great public importance:
WHETHER THAT PORTION OF CHAPTER 87-110, LAWS OF FLORIDA, WHICH AMENDS SECTION 921.001(5), FLORIDA STATUTES, IS APPLICABLE TO APPELLATE REVIEW OF SENTENCES IMPOSED FOR OFFENSES WHICH WERE COMMITTED PRIOR TO JULY 1, 1987.
Once having exceeded the guidelines recommended seven to nine year prison term by sentencing McGriff to a fifteen-year term, the trial court, following the requirements of section 775.084, Florida Statutes (1985), found him to be an habitual offender and consequently increased the sentence to thirty years. The supreme court held in Hester v. State, 520 So.2d 273 (Fla. 1988), that the habitual offender statute may be used for the purpose of extending the permissible maximum penalty and imposing a departure sentence beyond the guidelines since this method of augmenting criminal penalties is consistent with the guidelines. See Winters, 522 So.2d at 817. Thus, the trial court correctly applied the habitual offender statute.
*399 Accordingly, the cause is remanded for resentencing to permit the trial judge to reevaluate the factors supporting the departure sentence. Assuming the trial court finds sufficient reason to exceed the guidelines recommendation, the defendant's habitual offender status may be considered and employed to further augment his sentence.
Reserved and remanded; question certified.