PER CURIAM.
We reverse the trial court’s order granting a motion to suppress evidence (a .357 magnum revolver). The stop of appellee’s automobile by a Florida Highway Patrol trooper was made because the vehicle was traveling at varying rates of speed, was drifting from one edge of the lane of traffic to the opposite edge and eventually crossed into the passing lane. The trooper testified that his observations of these phenomena indicated that the driver may have been dozing off, not paying attention, may have been drinking, or that there was some mechanical difficulty with the automobile. Such a stop is legally permissible. See Esteen, v. State, 503 So.2d 356 (Fla. 5th DCA 1987). See also and compare State v. Carillo, 506 So.2d 495 (Fla. 5th DCA 1987).
Having lawfully stopped the vehicle, the officer was justified in seizing a weapon in plain view for his own safety. Ensor v. State, 403 So.2d 349 (Fla.1981).
No other objections to the stop or seizure having been preserved for appeal, we reverse and remand for further appropriate proceedings.
REVERSED AND REMANDED.
HERSEY, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.