GRIMES, Justice.
We have for review Lofton v. State, 517 So.2d 700 (Fla. 5th DCA 1987), because the district court issued a per curiam decision without opinion citing two cases which were pending review in this Court, State v. Frierson, No. 71,102 and State v. Kersey, No. 71,568.* In Jollie v. State, 405 So.2d 418 (Fla.1981), we held that a per curiam decision without opinion of a district court of appeal which cites as controlling authority a decision that is pending review in this Court constitutes prima facie express conflict for purposes of jurisdiction. Thus, we have jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution.
Arnett Lofton was convicted of aggravated battery which carried a presumptive guidelines sentence of three and one-half to four and one-half years. However, the trial court determined that Lofton was an habitual offender, found six reasons for departure, and imposed a sentence of twenty years. One of the reasons given for departure was Lofton’s status as an habitual offender. Lofton’s sentence was affirmed without opinion. Lofton v. State, 462 So.2d 1120 (Fla. 5th DCA 1985). Lof-ton thereafter filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, contending that the habitual offender statute had been implicitly repealed by our decision in Whitehead v. State, 498 So.2d 863 (Fla.1986). The circuit court denied the motion. Basing its holding upon Frierson v. State, 511 So.2d 1016 (Fla. 5th DCA 1987), and Kersey v. State, 515 So.2d 261 (Fla. 5th DCA 1987), quashed by State v. Kersey, 524 So.2d 1011 (Fla.1988), the district court of appeal reversed Lofton’s sentence and remanded for resentencing under the guidelines.
In McCuiston v. State, 534 So.2d 1144 (Fla.1988), we addressed the issue of whether our decision in Whitehead should have retroactive application so as to be cognizable under a motion for postconviction relief. Finding that Whitehead was only an evolutionary refinement in the law, we determined that it should not be given retroactive effect and, therefore, cannot be properly raised in a collateral proceeding. While one of the reasons for Lofton’s departure sentence was later held to be invalid in Whitehead, the sentence was proper when it was imposed and became final. Even if Lofton’s sentence were on direct appeal, it might still be upheld if the other grounds for departure were valid. Hester v. State, 520 So.2d 273 (Fla.1988).
We quash the decision below and remand for proceedings consistent with McCui-ston.
It is so ordered.
EHRLICH, C.J., and OVERTON, MCDONALD, SHAW, BARKETT and KOGAN, JJ., concur.

We have since disapproved Frierson in McCuiston v. State, 534 So.2d 1144 (Fla.1988), and have quashed Kersey in an opinion which is reported at 524 So.2d 1011 (Fla.1988).