# DAVIS v STATE OF FLORIDA
## Case No. 88-10 CV-H
Fourth Judicial Circuit, Duval County

December 12, 1988

### APPEARANCES OF COUNSEL

**Harold Colee,** for appellant.

**Ed Austin,** State Attorney and **Dwane D. Tyson,** Assistant State Attorney, for appellee.

Before HENRY F. MARTIN, JR., Circuit Judge.

### OPINION OF THE COURT

Appellant appeals the judgment and sentence entered against him following his plea of nolo contendere to Driving under the Influence in violation of Section 316.193(1), Florida Statutes.

Appellant presents the following five errors on appeal:

1) the lower court erred in denying Appellant's Motion to Dismiss and Motion to Suppress after evidentiary hearings;

2) the lower court erred in finding that there was probable cause for stopping and arresting the Appellant;

3) the lower court erred in finding that only founded suspicion was necessary to stop, detain, arrest and interrogate the Appellant;

4) the lower court erred in denying Appellant's Motion to Dismiss when the State did not file a proper traverse;

5) the lower court erred in not allowing the Appellant to call a random witness from persons sitting in the courtroom to testify as to their reaction when a police officer follows them.

The arresting officer testified that when he first observed the defendant, the defendant was driving very slowly. The defendant began to speed up and slow down. As the officer passed the defendant, the defendant appeared apprehensive in his driving and appeared very unsure about what he was doing. The defendant was looking over at the police officer.

The arresting officer further testified that he has three years experience in patrol duty. He has made hundreds of arrests. He has been to DUI school. Based on his training and experience, the defendant's driving was suspicious to the officer. The arrest took place at 1:30 AM on a Sunday morning.

In Florida, the police may stop and investigate a motor vehicle if the officer has a "founded suspicion" of criminal activity. *Kehoe v State of Florida,* 521 So.2d 1094 (Fla. 1988). This "founded suspicion" must be based upon the facts of the situation as interpreted in light of the officer's knowledge. *Id.* at 1095 and 1096. *See also Carrillo v State,* 506 So.2d 495 (Fla. 5th DCA 1987) (holding that stopping a vehicle to investigate further only requires a showing of founded suspicion that the driver is violating Section 316.193, Florida Statutes). Thus, the Motion to Dismiss and Motion to Suppress were properly denied.

Rule 3.190(d), Florida Rules of Criminal Procedure does not require the state to *file* a traverse. (emphasis added). If the State does not file a traverse, the rule provides that facts alleged in the motion be admitted as true. The court made a finding that the facts as alleged in the motion be admitted. The court then heard argument on the law. The lower court followed the mandates of Rule 3.190(d) Florida Rules of Criminal Procedure. The lower court did not commit error.

Pursuant to Section 90.604, Florida Statutes, it was not error for the lower court to deny the defendant's request to call a random witness from the courtroom to testify as to their reaction when a police officer

**163**

follows them. In addition, the testimony of any such random witness would be irrelevant and immaterial to the issues before the court.

No reversible error having been demonstrated, the judgment and sentence appealed from are hereby

AFFIRMED.