595 So.2d 270 (1992)
Otis Lamar BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01761.
District Court of Appeal of Florida, Second District.
March 13, 1992.
John C. Wilkins III, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We affirm defendant's conviction for trafficking in cocaine. We cannot conclude that the trial court had no proper basis to deny defendant's motion to suppress cocaine which was found in defendant's car upon a search following its stop. The motion asserts that the stop was pretextual.
As defendant argues, there is ample basis to conclude that the officer had subjective, pretextual motives for the stop based upon vague suspicions that the car may have been used for the transportation of drugs. However, we cannot conclude that the trial court had no proper grounds for finding that there was a valid, objective basis for the stop.
According to the officer, the car had been "weaving continuously within its own lane not travelling outside of either the lane mark or inside of the solid line to the outside, but just continued within its own lane" and had slowed to 45 miles per hour and then accelerated to 55 miles per hour on several occasions. "He was really driving erratically." See Moreland v. State, 552 So.2d 937, 938 (Fla. 2d DCA 1989) ("While there was evidence indicating invalid subjective pretextual motives of the officers, there was also evidence of valid objective bases for the stop.").
It is true that apparently no traffic offense was involved. However, the absence of such an offense does not establish the absence of a valid objective basis for the stop. Testimony before the trial judge was that the officer had observed similar behavior of automobiles many times in the past and was aware that such behavior often indicated sleepy or alcohol-impaired drivers. He testified that he decided to stop the car to ensure that the driver was not impaired by lack of sleep or under the influence of alcohol or drugs and that he had in the past stopped "probably in the dozens" of cars on that basis. See Bailey v. State, 319 So.2d 22, 26 (Fla. 1975); State v. Frederick, 525 So.2d 516 (Fla. 4th DCA 1988). Our thoughts in this regard are reflected in Bailey where the Florida Supreme Court said,

*271 Because of the dangers inherent to our modern vehicular mode of life, there may be justification for the stopping of a vehicle by a patrolman to determine the reason for its unusual operation. In this instance, although no vehicular regulation was being violated, it seemed strange to the officer that the vehicle was proceeding at only 45 miles per hour and was weaving, although not so much as to move out of its lane on one side or the other.
319 So.2d at 26.
Accordingly, we cannot hold that there was error in the trial court's implicit conclusion that "a reasonable officer would have stopped the vehicle absent an additional invalid purpose." Kehoe v. State, 521 So.2d 1094, 1097 (Fla. 1988).
We find no merit in defendant's additional argument that after the stop there was insufficient probable cause to search defendant's car.
Affirmed.
RYDER, Acting C.J., and DANAHY, J., concur.