732 So.2d 1127 (1999)
Melissa ROBERTS, Petitioner,
v.
STATE of Florida, Respondent.
No. 98-4198.
District Court of Appeal of Florida, Fourth District.
February 24, 1999.
Lance Armstrong, Miami, for petitioner.
No response required by respondent.
PER CURIAM.
We deny this petition for certiorari seeking review of the final order of the circuit court acting in its appellate review capacity over a decision of the county court granting Roberts' motion to suppress evidence seized by a deputy sheriff after a traffic stop. The circuit court, on appeal, reversed and held that the county court erred in granting the motion. The petition demonstrates on its face that the circuit court afforded Roberts procedural due process and observed the essential requirements of law. See Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla. 1995).
At approximately 2:00 a.m., a deputy of the Broward County Sheriff's Office observed Roberts weaving from side to side within her lane. He testified that she continually weaved right and left, crossing both the right and left lane lines several times. The officer turned on his carcam video camera to record Roberts' movements. The deputy then pulled her over for violation of § 316.089(1), Florida Statutes, failure to maintain vehicle in a single lane. He issued a citation for that offense, for driving with a suspended or revoked license, and failure to carry proof of insurance. He also placed Roberts under arrest for driving under the influence of alcohol ("DUI"). (Upon stopping Roberts, the deputy detected alcohol on her breath, and she failed a breathalyzer test.) Roberts was subsequently charged by information with DUI, possession of cannabis, possession of drug paraphernalia, and a beverage law violation.
*1128 At the suppression hearing, the county court judge viewed the video tape. The tape showed Roberts weaving significantly from side to side within the lane but did not show her cross over the lines as the deputy had described. The county court concluded that the deputy did not have a founded or reasonable suspicion of criminal activity sufficient to justify a stop because, although the tape showed that the vehicle did move significantly within its lane of travel, it did not show that the vehicle actually crossed the designated lane lines, and because there was no evidence which showed that the defendant's driving interfered with or endangered any other vehicle or pedestrian. Under § 316.089(1), Florida Statutes, said the court, a violation for failure to stay within a single lane is established only when coupled with proof that changing lanes could endanger other traffic.
The circuit court held that the county court misapplied the law. Its opinion stated, in pertinent part:
The trial court found that since the Appellee did not cross the line dividing the right and left lanes, Officer Herbert did not have the founded suspicion necessary to stop her for a traffic infraction. However, in the absence of a traffic offense, an officer's suspicion that another crime is being committed, such as DUI, can provide the necessary founded suspicion to support a stop. See Brown v. State, 595 So.2d 270 (Fla. 2d DCA 1992) (finding that the absence of a traffic offense does not establish the absence of a valid objective basis for the stop); State v. Carillo[Carrillo], 506 So.2d 495 (Fla. 5th DCA 1987) ("an officer can stop a driver based upon a founded suspicion that he is driving while under the influence"); State, Dept. Highway Safety and Motor Vehicles v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992) (driving behavior need not reach the level of a traffic violation in order to justify a DUI stop).
* * *
Appellee's driving pattern gave Officer Herbert the reasonable suspicion necessary to detain her in order to determine if she was impaired.
Certiorari is not intended to provide the petitioner with a second appeal, and this court should exercise its discretion only when there has been a violation of clearly established principles of law resulting in a miscarriage of justice. See Combs v. State, 436 So.2d 93 (Fla. 1983). Roberts does not contend that the circuit court failed to afford her procedural due process. Rather, she argues that the circuit court applied the incorrect law in reversing the county court's suppression order.
Roberts correctly notes that there were additional facts supporting the investigatory stop in Brown and DeShong. Nevertheless, the cases support the circuit court's analysis. Together with the third case cited by the circuit court, State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987), they stand for the proposition that a police officer can stop a driver based on a founded suspicion that the driver is under the influence, even where the driver is not committing a separate traffic offense. In the instant case, Roberts' continuous weaving, even if only within her lane, during the time that she was being followed presented an objective basis for suspecting that she was under the influence. Thus, the objective facts supported the stop.
We have considered Crooks v. State, 710 So.2d 1041 (Fla. 2d DCA 1998), but recognize a critical fact that distinguishes that case from the one at bar. In Crooks, there was no indication, suggestion, or basis for suspecting that the driver was intoxicated or impaired.
The Brown, DeShong, and Carrillo cases relied upon by the circuit court support the conclusion that even in the absence of a traffic violation, an officer may stop a driver's vehicle when the officer has a reasonable suspicion that the driver is *1129 driving under the influence. See also Bailey v. State, 319 So.2d 22 (Fla. 1975) ("Because of the dangers inherent to our vehicular mode of life, there may be justification for stopping a vehicle by a partrolman to determine the reason for its unusual operation.")
Therefore, the petition is denied.
STONE, C.J., WARNER and HAZOURI, JJ., concur.