[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-12695
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-20949-CV-JEM

PATRICK K. BALL,

Plaintiff-Appellant,

versus

CITY OF CORAL GABLES, CORAL GABLES POLICE
DEPARTMENT, DON SLESNICK, in his official
capacity as Mayor of the City of Coral Gables,
MICHAEL HAMMERSCHMIDT, in his official
capacity as Police Chief of the Coral Gables
Police Department, ALESTER GARCIA,
individually, and in his official capacity as a police
officer for the City of Coral Gables,
DANIEL SMITH, individually, and in his official
capacity as a police officer for the City of Coral Gables,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 4, 2008)

Before BIRCH, HULL, and HILL, Circuit Judges.

PER CURIAM:

Patrick K. Ball sued the various defendants for damages under 42 U.S.C. § 1983, alleging violations of his civil rights under the Fourth and Fourteenth Amendments. Specifically, he asserts that defendants falsely arrested, falsely imprisoned and maliciously prosecuted him. The district court entered summary judgment for the defendants and Ball brought this appeal. For the following reasons, we shall affirm the judgment of the district court.

## I.

Ball was arrested on suspicion of drunk driving in South Miami by police officers from the City of Coral Gables. The basis for Ball's claims of constitutional violation is that the officers did not have the legal authority to make this out-of-jurisdiction arrest. The district court held that the officers did have the authority to make the arrest and entered summary judgment for the defendants. We review this judgment *de novo. Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282 (11th Cir. 2002).

## II.

The arrest at issue in this case was effectuated pursuant to a mutual aid agreement between the cities of South Miami and Coral Gables. Such agreements are authorized by the Florida Mutual Aid Act. Fla. Stat. §§ 23.12, et. seq. *See*

2

*also Rinaldo v. State*, 787 So. 2d 208, 214 (Fla. 4th DCA 2001). Pursuant to such an agreement, an officer may arrest outside of his jurisdiction under the terms of the agreement. *Rinaldo*, 787 So. 2d at 214.

Defendants submitted a copy of the mutual aid agreement in force between the Coral Gables Police Department and the City of South Miami Police Department at the time of Ball's arrest. This agreement provided for joint enforcement of the traffic laws on certain specified roadways, including the one on which Ball was arrested.

Ball argues that this agreement is invalid as a matter of law because it is too broad and/or it is a fabrication. The district court examined the agreement and found it to conform to the purposes underlying the Florida statute and we find no error in this conclusion. Similarly, we agree with the district court that Ball failed completely to establish that the agreement was a "fabrication."

Finally, the defendants are not, as Ball asserts, collaterally estopped nor prevented by res judicata from relying upon the mutual aid agreement to support the lawfulness of Ball's arrest. Any contrary conclusions regarding the mutual aid agreement in the underlying state criminal case against Ball do not bind the defendants in this case as they were not parties to that criminal case. *See Gentile v. Bauder*, 718 So. 2d 781, 783 (Fla. 1998).

As to Ball's state claims, the presence of probable cause is fatal to claims of false arrest and malicious prosecution. Our review of the record, including the officers' reports, confirms the presence of reasonable suspicion for the investigatory stop, as well as probable cause for Ball's arrest. The evidence is that Ball was observed driving a vehicle that repeatedly swerved in and out of its lane of travel and that, after being stopped, Ball admitted that he had been drinking and failed all the sobriety tests he was given. This is sufficient to lead a prudent officer to believe that Ball had been driving under the influence, the offense for which he was arrested. *See State Dep't of Highway Safety and Motor Vehicles v. De Shong*, 603 So. 2d 1349, 1352 (Fla. 2d DCA 1992); *Roberts v. State*, 732 So. 2d 1127, 1128 (Fla. 4th DCA 1999).

III.

Accordingly, the judgment of the district court is due to be AFFIRMED.