LaROSE, Judge.
Brian Michael Shively pleaded no contest to driving under the influence, driving while license suspended, and cocaine possession. See §§ 316.193(1), (4), 322.34(2)(a), 893.13(6)(a), Fla. Stat. (2008). He reserved the right to appeal the denial of his dispositive motion to suppress evidence. See Fla. R.App. P. 9.140(b)(2)(A)(i). The trial court withheld adjudication and sentenced him to twelve months of probation. We affirm.
An off-duty sheriffs deputy was working as a security officer at the Channelside parking garage in Tampa late at night. A garage employee called the officer over to assist Mr. Shively, who was sitting in his vehicle at the garage exit. The officer saw that Mr. Shively was having trouble putting a parking token into the machine to raise the gate. Mr. Shively was moving the token “everywhere around like he just couldn’t focus on it, getting it into the machine.” The officer suspected that Mr. Shively was impaired. Mr. Shively appeared confused, his eyes were bloodshot, and his speech was slurred. Vehicles coming down the garage exit ramp were backing up behind Mr. Shively’s vehicle.
The officer diverted the other vehicles and directed Mr. Shively to back out of the exit lane and pull over against the garage wall where he would not block traffic. Mr. Shively did so. He then got out of his vehicle, staggered, and leaned against the vehicle to maintain his balance. The officer smelled alcohol as he approached Mr. Shively.
The officer escorted Mr. Shively to the bottom of the ramp and requested assistance from a Tampa Police Department DUI unit. After conducting field sobriety exercises, the police arrested Mr. Shively for DUI and driving with a suspended license. They found cocaine in his pocket during a search incident to arrest.
Mr. Shively argues that the trial court should have granted his motion to sup *486 press. According to Mr. Shively, the officer lacked reasonable suspicion to direct him to back out of the exit lane and pull over to the wall. He contends that he was illegally seized because he did not feel free to leave. See, e.g., Popple v. State, 626 So.2d 185, 186 (Fla.1993); Thomasset v. State, 761 So.2d 383, 385-86 (Fla. 2d DCA 2000). The trial court ruled that the officer did not seize Mr. Shively with those directions. We agree.
Many police-citizen contacts involving automobiles occur because the officer believes that the driver has violated the law; many more occur because a vehicle has become disabled or involved in an accident. Cady v. Dombrowski, 413 U.S. 433, 441, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). In such cases, law enforcement officers engage in what we recognize as “community caretak-ing functions” necessary for public safety and welfare. Id.; accord Ortiz v. State, 24 So.3d 596, 600 (Fla. 5th DCA 2009) (en banc).
This incident occurred late at night when nearby entertainment venues were closing, there was a mass exodus of cars from the parking garage, and the officer was providing security for Channelside-area patrons. Mr. Shively’s inability to operate the token machine and leave the garage impeded the traffic flow. This, alone, was a valid basis for the officer to direct him to move his vehicle. The officer properly exercised a “community caretak-ing function.” Mr. Shively voluntarily exited his vehicle, staggered, and smelled of alcohol. These conditions then precipitated his arrest.
Even if we deemed the officer’s direction to Mr. Shively to move his vehicle an investigative stop, the officer’s actions were lawful. “[A] legitimate concern for the safety of the motoring public can warrant a brief investigatory stop to determine whether a driver is ill, tired, or driving under the influence in situations less suspicious than that required for other types of criminal behavior.” Dep’t of Highway Safety & Motor Vehicles v. DeShong, 603 So.2d 1349, 1352 (Fla. 2d DCA 1992); accord Dep’t of Highway Safety & Motor Vehicles v. Kurdziel, 908 So.2d 607, 608-09 (Fla. 2d DCA 2005). “A stop may be justified even in the absence of a traffic infraction when the vehicle is being operated in an unusual manner.” State v. Rodriguez, 904 So.2d 594, 598 (Fla. 5th DCA 2005) (citing Ndow v. State, 864 So.2d 1248, 1250 (Fla. 5th DCA 2004)); see Bailey v. State, 319 So.2d 22, 26 (Fla.1975) (upholding stop to determine reason for driver’s “unusual operation” of vehicle at slow speed and weaving within lane, even where court stated that no circumstances reasonably would have led the officer to believe criminal activity was taking place); accord Brown v. State, 595 So.2d 270, 270-71 (Fla. 2d DCA 1992).
Mr. Shively’s failure to place the parking token in the slot after several attempts and resulting inability to exit the garage was “unusual” enough to prompt the garage employee to ask the officer for help. The officer’s observation that Mr. Shively’s eyes were bloodshot and his speech was slurred added to the officer’s suspicion that something was wrong. These circumstances certainly warranted a brief investigatory stop.
We see no error in the denial of Mr. Shively’s motion to suppress.
Affirmed.
WHATLEY, J., and DAKAN, STEPHEN L., Associate Senior Judge, Concur.