576 So.2d 875 (1991)
Rhonda Elaine BOLINGER, Appellant,
v.
STATE of Florida, Appellee.
No. 90-01222.
District Court of Appeal of Florida, Second District.
March 20, 1991.
*876 Tony C. Dodds of Law Offices of T.W. Weeks, III, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, Rhonda Elaine Bolinger, challenges the judgment and sentence imposed upon her after she pled nolo contendere to a charge of possession of a controlled substance and reserved her right to appeal the denial of a motion to suppress. We reverse.
Evidence presented at the suppression hearing failed to establish that officers of the Lakeland Police Department had a founded suspicion at the time they stopped the appellant. Officer Giddens, while conducting surveillance in an area known for drug activity observed the appellant, a white female, driving a pickup truck through the area. A black male flagged down the truck and caused the appellant to stop. The man talked with the appellant for a few moments and then crossed the street and talked to another black male. Both men then returned to the truck where the man who had first approached the truck moved his hands in front of his body with his back towards Officer Giddens. He then reached into the truck with his left hand and pulled the hand back out. The officer did not see anything exchanged between the appellant and either of the men.
The appellant then drove away and was stopped by another police officer based on the description he received from Officer Giddens. The officer approached the vehicle and saw that the appellant's hand was clenched down along her left side. He opened the door, grabbed the appellant by the wrist, and brought her out of the truck causing her hand to open. After the appellant was removed from the truck, a third police officer with a flashlight found two pieces of rock cocaine on the floorboard next to the driver's seat.
At the conclusion of the evidentiary hearing, the trial court denied the appellant's motion to suppress the rock cocaine. The appellant then pled nolo contendere and reserved her right to appeal the denial of her motion. The appellant filed a timely notice of appeal from the judgment and sentence imposed upon her on the basis of her plea.
We agree with the appellant's contention that the officer's observations, even in the light of his experience and knowledge, were insufficient to constitute a founded suspicion that the appellant had committed, was committing, or was about to commit a crime justifying a stop pursuant to section 901.151, Florida Statutes (1989). Peabody v. State, 556 So.2d 826 (Fla. 2d DCA 1990); State v. Hoover, 520 So.2d 696 (Fla. 4th DCA 1988).
*877 A stop based upon an officer's observation of a black person in a high crime area leaning into a white person's car and then walking away after seeing a police officer approach does not give rise to a founded suspicion justifying a temporary detention. Hoover. In Winters v. State, 578 So.2d 5 (Fla. 2d DCA 1991), this court affirmed a finding of founded suspicion under somewhat similar circumstance. In Winters, however, the officer observed the appellant receiving money from the driver of the vehicle. In this case, the officer did not observe money or drugs being exchanged. Although Officer Giddens observed one of the black males perform a hand manipulation, he did not observe anything actually being exchanged between the appellant and the black male. These facts do not provide a founded suspicion warranting a temporary detention. Winters; Peabody.
We, accordingly, reverse and remand with instructions to discharge the appellant on this charge.
Reversed and remanded.
SCHEB and PATTERSON, JJ., concur.