706 So.2d 923 (1998)
Randy LOVE, Appellant,
v.
STATE of Florida, Appellee.
No. 97-00886.
District Court of Appeal of Florida, Second District.
February 20, 1998.
James Marion Moorman, Public Defender, and Jeffrey Sullivan, Assistant Public Defender, Bartow, for Appellant.
*924 Robert A. Butterworth, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, for Appellee.
PER CURIAM.
Randy Love appeals his conviction for possession of cocaine after pleading no contest and reserving the right to challenge the denial of his motion to suppress. Because the cocaine was seized as a result of an illegal stop of Love's vehicle, we reverse.
Deputy Lewis testified that he first observed Love's vehicle around 3 a.m. driving slowly through a neighborhood. His attention was drawn to the car because it was a late model Toyota. He got behind the vehicle and ran a check on the tag. It was registered to an address located in the direction away from that in which vehicle was traveling. The car had not been reported as stolen. The deputy testified that he stopped the vehicle to do a field interview because he had a suspicion that the driver was casing homes. His suspicion was based on the fact that there had been burglaries in the area, the car was a type that is commonly stolen and it was being driven at a speed of approximately 20 mph in a 35 mph zone.
To justify an investigatory stop, a law enforcement officer must have a founded suspicion that a person has committed, is committing, or is about to commit a crime. § 901.151(2), Fla. Stat. (1995). A hunch or bare suspicion of illegal activity cannot justify a stop. The suspicion must "have some factual foundation in the circumstances observed by the officer when those circumstances are interpreted in light of the officer's knowledge." Peabody v. State, 556 So.2d 826, 827 (Fla. 2d DCA 1990).
We are unwilling to hold that driving slowly late at night, in a type of vehicle that is often stolen, in a neighborhood that has had burglaries at some unspecified time in the past will justify an investigatory stop. Therefore, we hold that the facts known to Deputy Lewis at the time he stopped Love's vehicle do not rise to the level of founded suspicion.
Because the trial court erred by denying Love's motion to suppress, we reverse and remand with directions that Love's motion to suppress be granted.
Reversed and remanded with directions.
PATTERSON, A.C.J., and BLUE and FULMER, JJ., concur.