737 So.2d 1117 (1999)
Kelvin D. WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02308.
District Court of Appeal of Florida, Second District.
May 28, 1999.
*1118 Ellis Rexwood Curry, IV, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patricia E. Davenport, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Acting Chief Judge.
The State charged Kelvin White with possession of a firearm[1] and possession of marijuana.[2] White moved to suppress the gun and the drugs, which were discovered when law enforcement officers stopped his car. The circuit court denied his motion, and he pleaded no contest to the charges, reserving the right to appeal his dispositive motion to suppress. We reverse.
At the hearing on White's motion to suppress, two private security officers testified that they were working in the area surrounding Maximo Marina in St. Petersburg on the night White was arrested. At about 3:30 a.m., they noticed a car driving back and forth in front of the marina, which was closed at the time. The car then turned into the parking lot of an adjacent motel, which was open for business. At a second hearing on the motion, the motel's security guard testified that he also observed the car, which was moving, but had its lights turned off. The car pulled into a parking space. When this security guard approached the car, one of the occupants shouted profanities at him. While the occupant's remarks were not threatening, the security guard felt "a little bit" threatened. The car then drove away.
The motel's security guard contacted the St. Petersburg police department, and Officer Marian Schmidt arrived to investigate. She was speaking with the security guards when the suspicious car drove by on a public street next to the motel and marina property. Officer Schmidt pursued the car and stopped it. She smelled marijuana, placed White and his passenger in her patrol car, and discovered marijuana cigarettes in the car's ashtray and a gun on the passenger-side front floorboard. White was arrested and charged with the previously-mentioned crimes.
Officer Schmidt did not have the requisite "well-founded, articulable suspicion of criminal activity" necessary to support a traffic stop. See Popple v. State, 626 So.2d 185, 186 (Fla.1993). To justify an investigatory stop, law enforcement must have a reasonable suspicion that the person has committed, is committing or is about to commit a crime. See id.; see also § 901.151(2), Fla. Stat. (1995). The testimony at the suppression hearing showed that businesses in the area had been robbed at some indeterminate time in the past. But no recent crime had occurred, so the stop could not be justified by a suspicion that White or his passenger were the perpetrators. Cf. Grant v. State, 718 So.2d 238 (Fla. 2d DCA 1998) (upholding a stop where a car was driving without its headlights, up and down a small street where a burglary had occurred mere hours earlier). None of White's activities described at the hearing could give rise to a belief that he was actually committing a crime. Any suspicion that he was about to commit one was dissipated when he drove away from the businesses, and no evidence showed that White's car was returning to *1119 the business area when the guards spotted it driving down a public street.
The totality of the circumstances in this case did not give rise to a reasonable suspicion that criminal activity was afoot. The officer's stop of White's car was improper, and all evidence seized as a result of the stop should have been suppressed. We reverse White's convictions, and we remand with directions to discharge him.
Reversed and remanded.
GREEN and SALCINES, JJ., Concur.
NOTES
[1] § 790.23, Fla. Stat. (1995).
[2] § 893.13, Fla. Stat. (1995).