PER CURIAM.
Joseph Bender appeals his conviction and sentence for felony driving with a suspended license following the denial of his motion to suppress all evidence obtained from a traffic stop. Bender argues that, based upon the objective evidence in the record, the arresting officer lacked probable cause to make the traffic stop for an illegal U-turn under either section 316.1515[1] or section 316.152,[2] Florida Statutes (1997). We do not agree and affirm.
As the Florida Supreme Court has explained, in considering whether a decision to make a traffic stop is “reasonable” under the Fourth Amendment, “generally the only determination to be made is whether probable cause existed for the stop in question.” Holland v. State, 696 So.2d 757, 759 (Fla.1997); see also Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). In Delaware v. Prouse, 440 U.S. 648, 659, 99 S.Ct. 1391, 1399, 59 L.Ed.2d 660 (1979), the Court noted that “[t]he foremost method of enforcing traffic and vehicle safety regulations ... is acting upon observed violations.” Whether an officer has probable cause to make a traffic stop is judged not by the officer’s subjective belief, but by an *1182 objective standard based on the observed violations. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Doctor v. State, 596 So.2d 442, 447 (Fla.1992); see also State v. Hernandez, 718 So.2d 833, 836 (Fla. 3d DCA 1998)(“[U]nder Whren, the test is whether an officer could have stopped the vehicle for a traffic infraction.”).
We agree with Bender that the record contains no objective evidence that his U-tnrn interfered with other traffic or was contrary to posted traffic control signs so as to constitute a violation of section 316.1515 or was made directly upon a curve in violation of section 316.152. See Crooks v. State, 710 So.2d 1041, 1043 (Fla. 2d DCA 1998). The testimony of the arresting officer, however, is sufficient to establish that probable cause existed for a stop on the grounds that the U-turn created a reasonable safety concern under section 316.1515. Using a hand-drawn and printed map to indicate the location of the U-turn vis-a-vis a curve in the road, the officer testified about his observations, in pertinent part as follows:
Q. [T]he reason for your stop was because of this illegal U-turn?
A. Yeah. That’s a dangerous area right here. Fairfield Drive is pretty narrow. There’s a curve right there and there’s a convenience store. That’s kind of a dangerous area right there for making a U-turn.
* *
Q. What is it about the turn that was illegal?
A. Well, this is a — this curve right here is very dangerous, No. 1. Okay. He went from one shoulder to the other shoulder. Okay. What he should have done was come up to the light and done something up in this area rather than in this area right here. This is a very dangerous area.
The officer added that he thought there was a double yellow line on the roadway where Bender made his turn “probably ... because of that curve.” The officer’s observations of the “dangerous” location at which Bender made the U-turn were based upon objective facts — -the “pretty narrow” road, the close proximity to a curve, and the manner of the turn itself — which together constituted reasonable grounds for the stop.
Because the objective evidence in the record was sufficient to establish probable cause for the instant traffic stop, we affirm.
AFFIRMED.
BOOTH, MINER AND VAN NORTWICK, JJ., CONCUR.

. Section 316.1515, Florida Statutes (1997) states as follows:
The driver of any vehicle shall not turn the vehicle so as to proceed in the opposite direction upon any street unless such movement can be made in safety and without interfering with other traffic and unless such movement is not prohibited by posted traffic control signs.

. Section 316.152, Florida Statutes (1997) states as follows:
No vehicle shall be turned so as to proceed in the opposite direction upon any curve, or upon the approach to, or near, the crest of a grade, where such vehicle cannot be seen by the driver of any other vehicle approaching from either direction within 500 feet.