ORDER APPOINTING THE PUBLIC DEFENDER OF THE TENTH JUDICIAL CIRCUIT AS APPELLATE COUNSEL FOR APPELLEE

The State appeals two concurrent downward departure sentences imposed on the Appellee, Kelvin White. These sentences arise from separate cases that were resolved at a single sentencing hearing. In one case,[1] Mr. White was charged with possession of cocaine and resisting arrest. In the other,[2] Mr. White was charged with grand theft. Mr. White eventually pleaded no contest to all charges with a written plea agreement contemplating 5-year concurrent sentences. At sentencing, the trial court imposed the 5-year sentence for possession, time served for resisting arrest, and a concurrent 5-year sentence for grand theft. The State objected on the basis that Mr. White’s minimum sentence on his sentencing guidelines scoresheet was 131 months and, thus, exceeded the statutory maximum for a third-degree felony. As a result, the State maintains that the 5-year sentence is an unauthorized downward departure sentence.
The Public Defender of the Sixth Judicial Circuit (“Public Defender”) initially represented Mr. White in the case involving the possession charge. However, for reasons that are not evident from the record, the Public Defender was permitted to withdraw before the change-of-plea hearing and a private attorney was appointed to represent Mr. White. The Public Defender represented Mr. White throughout the duration of the grand theft case. Thus, at the change-of-plea hearing, Mr. White was represented both by private counsel and the Public Defender. After the State filed its notice of appeal, howev *375 er, neither attorney stepped forward to represent Mr. White in this court. The State filed its initial brief, but nothing was filed on behalf of Mr. White. This court entered an order directing “counsel for the appellee” to file an answer brief. Mr. White’s private counsel responded that he had not been appointed to represent Mr. White on appeal.
What has occurred in this case suggests that neither the applicable statutes nor the rules of procedure are well written to address the issue of substitution of counsel in a case in which an indigent defendant is the appellee. Under section 27.51(4), Florida Statutes (1997), a public defender who represents a defendant at trial may request a specified public defender’s office to handle the defendant’s appeal. The statute provides that the public defender handling the trial may make this request “after the record on appeal is transmitted to the appellate court by the office of public defender which handled the trial.” § 27.51(4), Fla. Stat. (1997).[3] This section provides no clear method to substitute appellate counsel for indigent defendants when the State takes an appeal.
This problem does not appear to be directly addressed in Florida Rule of Criminal Procedure 3.111(e), governing the withdrawal of defense counsel after judgment and sentence. Although the regular public defenders discover and resolve this problem in many state appeals, when a conflict public defender has been appointed, it is common that no lawyer appears on behalf of the defendant. This can delay appeals and occasionally may result in a defendant who has the right to court-appointed counsel receiving no representation.[4]
Florida Rule of Appellate Procedure 9.140(c)(3) requires that the State serve its appeal on the defendant’s attorney of record. Thus, the State serves the appointed trial attorney, who (perhaps involuntarily)becomes the defendant/appellee’s attorney of record in the appellate court. Florida Rule -of Appellate Procedure 9.440(b) permits an attorney of record to withdraw by order of the appellate court.
In future appeals brought by the State, by virtue of the fact that the notice of appeal is served on the appointed trial attorney, this court will treat the appointed trial attorney as attorney of record with the obligation to respond to the State’s appeal unless that attorney makes arrangements for substitute representation by the Public Defender of the Tenth Judicial Circuit. The appointed trial attorney will be required to file a motion to withdraw in this court pursuant to rule 9.440(b), even if the trial court has entered an order allowing the attorney to withdraw under rule 3.111.[5]
In this case, to avoid further delay, we appoint the Public Defender of the Tenth *376 Judicial Circuit as appellate counsel for Mr. White. We are forwarding a copy of the record on appeal to the Tenth Circuit Public Defender contemporaneously with this order. The Public Defender shall serve an answer brief in the case within sixty days of this order.
Especially when a defendant is represented by a conflict public defender, it is difficult for this court to know at the inception of an appeal that the defendant is indigent and entitled to court-appointed appellate counsel. If the State wishes to avoid delay in the processing of its appeals, the Office of the Attorney General may need to consider creating its own procedures to assure that indigent defendants are represented by attorneys who are qualified and prepared to file answer briefs.
PARKER, A.C.J., and ALTENBERND and NORTHCUTT, JJ„ Concur.

. Case number CRC96-18984CFANO-B.

. Case number CRC97-05528CFANO-I.

. We note that records are actually transmitted to this court by the clerk of the circuit court, not by the public defender’s office. Nevertheless, there are well-established procedures to substitute the Public Defender of the Tenth Judicial Circuit for appeals to this court when the indigent defendant is the appellant.

. Mr. White’s appeals, coincidentally, present an excellent demonstration of the difference in this court’s processing of appeals depending upon whether they are filed by the public defender or the State. Mr. White appealed case number 98-02308 after the Slate filed these appeals. Appellate counsel was appointed to represent him, as appellant, and he has already received a favorable opinion in that case. See White v. State, 24 Fla. L. Weekly D1284, 737 So.2d 1117 (Fla. 2d DCA1999). Meanwhile, no answer brief has yet been filed in this case.

.Although this case involves appointed counsel for an indigent defendant, we observe that trial counsel for any defendant is served with the State’s notice of appeal. Thus, if private counsel is not retained to represent a client on appeal and the client is not eligible for representation by a public defender, private counsel must withdraw from a state appeal pursuant to Florida Rule of Appellate Procedure 9.440(b). Private counsel cannot simply ignore the appeal because the proceeding exceeds the scope of representation under the contract with the client., ■