INTERIM ORDER REGARDING APPOINTMENT OF APPELLATE COUNSEL

Appellant, John Davis, pro se, filed a motion entitled “motion to withdraw appeal” alleging that a conflict had arisen between him and the Public Defender’s Office for the 13th Judicial Circuit. Because the underlying appeal is a direct criminal appeal and the record reveals that the public defender represented Mr. Davis at trial, we directed the public defender to advise this court whether or not she currently represents Mr. Davis. The public defender responded as follows:
The trial attorney assigned to this case has indicated that there are no appeal issues and that Mr. Davis was advised that a notice of appeal would not be filed in his case(s). Under the circumstances Respondent would respectfully submit that she does not represent Mr. Davis in this appeal and that the matter should be treated as a pro se appeal.
We are troubled by this response for a number of reasons. First, in any case in which a timely notice of appeal has been filed, Florida Rule of Appellate Procedure 9.140(b)(5) requires that certain acts must be completed before trial counsel is allowed to withdraw. These include filing directions and designations and obtaining substitute counsel for the appeal. See Fla. R.App. P. 9.140(b)(5)(iii)-(v). Rule 9.140(b)(5) nowhere suggests that counsel may avoid these obligations because she has determined that there are no appeal-able issues.[1] In this case it does not appear from the record, nor does the public defender assert, that the requirements of this rule have been met.
Moreover, the public defender has not provided us with an order of the trial court allowing her to withdraw. See Fla. R.App. P. 9.140(b)(5) (providing that counsel of record shall not be relieved of any duties or permitted to withdraw except with approval of the lower court on written motion); Fla. R.Crim. P. 3.111(e). Under these circumstances, the public defender unquestionably still represents Mr. Davis.
*1210 Second, we are troubled by the public defender’s implicit suggestion that Mr. Davis should be forced to proceed pro se on his appeal because she has determined that there are no appealable issues. It is well-settled that an indigent criminal defendant has a constitutional right to appointed counsel on direct appeal. See Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). If appointed counsel determines that there are no meritorious issues for appeal, he or she must comply with the procedures set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel may not simply ignore the pending appeal. See, e.g., State v. White, 742 So.2d 374 (Fla. 2d DCA 1999).
We know of no authority, nor does the public defender suggest any, that allows appointed trial counsel to take the course followed in this case, i.e., to simply determine that there are no appealable issues, advise the defendant that a notice of appeal will not be filed, and then “withdraw” from the case without complying with the requirements of rule 9.140(b)(5), without any notice to the defendant, and without leave of the court.
The Public Defender for the Thirteenth Judicial Circuit shall certify to this court in writing within ten days that she has complied with the requirements of rule 9.140(b)(5). We do not now address Mr. Davis’s concern that a conflict has developed between him and his current public defender because he has not alleged any factual basis for the conflict and because the Public Defender for the Tenth Judicial Circuit should in normal course be assigned to this appeal. Should Mr. Davis determine that he wishes to voluntarily dismiss his appeal, his counsel may file an appropriate motion.
BLUE, A.C.J., and CASANUEVA and SALCINES, JJ., Concur.

. Although not argued by the public defender as a basis for why she no longer represents Mr. Davis, we note that Mr. Davis filed the notice of appeal in this case pro se. We read Florida Rule of Appellate Procedure 9.140(b)(5) as requiring trial counsel to meet the requirements in any case in which a timely notice of appeal is filed regardless of who filed it.