884 So.2d 504 (2004)
Jeffrey FAUNCE, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-0488.
District Court of Appeal of Florida, First District.
October 11, 2004.
*505 Nancy A. Daniels, Public Defender and P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General and Shasta W. Kruse, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PADOVANO, J.
The issue in this appeal is whether the trial court erred in denying a motion to suppress evidence seized from the defendant's truck in the course of an investigative detention. We conclude that the arresting officer did not have a reasonable suspicion to stop the truck and that the ensuing seizure of evidence was unlawful. Accordingly, we reverse.
Deputy Winston Warner of the Columbia County Sheriff's Office was patrolling a residential area at 11:00 p.m. on the night of August 2, 2003, when he noticed something that aroused his suspicion. He saw a small pickup truck traveling at what he considered to be an abnormally slow speed. According to Deputy Warner, the truck was proceeding at about 10 to 15 miles per hour in a 35 mile per hour speed zone. The driver signaled to Deputy Warner to pass, but instead the deputy continued to follow the truck.
While he was following the truck, Deputy Warner ran a check on the license plate. The report he received did not reveal any violation of the law, but he decided nonetheless to stop the truck. He approached the driver, Jeffrey Faunce, and asked him to produce his driver's license. The defendant complied with this request and the deputy soon learned that the defendant's license had been suspended.
Deputy Warner told the defendant that he was going to arrest him for driving with a suspended license and asked if he could search the truck. At that point, the defendant hesitated and then nodded affirmatively. Deputy Warner then searched the truck and found a small quantity of marijuana, a rock of cocaine, and a crack cocaine pipe.
After the defendant was formally charged, he filed a motion to suppress the contraband items seized from his truck. The state sought to justify the seizure on the ground that the stop of the truck was based on a reasonable suspicion. Deputy Warner testified at the suppression hearing that there had been reports of burglaries in the area and that he thought the defendant may have been casing the neighborhood. He added that the unusually slow speed of the defendant's vehicle might also indicate that he was under the influence of alcohol or that he was having mechanical difficulty with the vehicle.
Deputy Warner acknowledged that the burglaries he was referring to were committed several miles away and that none had been reported that night. He was also asked whether it was unusual to drive slowly on the road in question, and he conceded that the road was a bumpy, unpaved road and that it was dark that night. On cross-examination, defense counsel asked Deputy Warner if he knew where the defendant lived. In response, he said that his investigation regarding the status of the defendant's driver's license revealed that he lived nearby. Defense counsel summed up this line of questioning by asking, "So it was in his neighborhood?" to which Deputy Warner responded, "Correct."
The trial court denied the motion to suppress on the ground that the officer had a right to detain the defendant at the time the cocaine was seized. Subsequently, the defendant entered a plea of nolo contendere, reserving the right to appeal *506 the denial of the motion. The trial court accepted the plea, withheld adjudication of guilt on the charges of possession of marijuana, possession of cocaine and possession of paraphernalia, and placed him on drug offender probation. The defendant then filed an appeal to this court to challenge the denial of his motion to suppress.
A reviewing court must accept the trial court's findings of fact in an order on a motion to suppress, provided those findings are supported by the record. However, a suppression order that turns on an issue of law is reviewed by the de novo standard. See Ornelas v. United States, 517 U.S. 690, 697-98, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911 (1996); State v. Setzler, 667 So.2d 343, 346 (Fla. 1st DCA 1995). Whether a particular set of facts can justify a finding that a police officer had a reasonable suspicion to conduct an investigative detention is a question of law. See Ornelas, 517 U.S. at 697, 116 S.Ct. 1657; Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000). Hence, the order at issue here is reviewable by the de novo standard.
To justify an investigative detention, a law enforcement officer must have a reasonable suspicion that a person has committed or is about to commit a crime. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State 626 So.2d 185, 186 (Fla.1993); § 901.151(2) Fla. Stat. (2003). A hunch or a mere suspicion is not enough. As the Florida courts have explained, the officer must be able to articulate the supporting facts, and the suspicion must be well-founded. See Love v. State, 706 So.2d 923, 924 (Fla. 2d DCA 1998).
In determining whether a police officer had a reasonable suspicion to detain an individual, the courts must examine the totality of the circumstances in which the detention was made. See United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989); Graham v. State, 714 So.2d 1142, 1143 (Fla. 1st DCA 1998); Thornton v. State, 559 So.2d 438, 439 (Fla. 1st DCA 1990). Among other factors that might be relevant in a particular case, the court may consider the time of day, the physical appearance and behavior of the suspect, and anything that appears to be unusual in light of the officer's experience. See, e.g., Jenkins v. State, 685 So.2d 918, 920 (Fla. 1st DCA 1996); Gipson v. State, 537 So.2d 1080, 1081 (Fla. 1st DCA 1989); Johnson v. State, 547 So.2d 699, 701 (Fla. 1st DCA 1989); Batson v. State, 847 So.2d 1149, 1150-51 (Fla. 4th DCA 2003).
The fact that aroused Deputy Warner's suspicion in this case was that the defendant was driving his truck about twenty miles per hour below the speed limit. We acknowledge that in some situations an unusual method of operating a vehicle might give rise to a reasonable suspicion. For example, in Grant v. State, 718 So.2d 238 (Fla. 2d DCA 1998), the suspect was driving his car up and down the same street at 4:00 a.m., without headlights, and the officers knew that there had been a burglary on that street six to twelve hours earlier. But the fact that the defendant in this case was driving slowly is not alone sufficient to give rise to a reasonable suspicion. The defendant's slow speed was not unusual for the conditions. The road was a bumpy dirt road, and it was dark that night. In these circumstances, driving slowly should not be cause for alarm.
Deputy Warner gave several more specific concerns relating to the speed of the defendant's truck, but we do not think that any of them are sufficient to justify the detention. The deputy said that there had been reports of burglary in the area and *507 that he thought the defendant might be casing the neighborhood. However, the burglaries were not nearby nor were they recent. He said that the slow driving might indicate that the defendant was under the influence or that he was having mechanical difficulty, but these possibilities are not consistent with the facts. The defendant was not swerving or otherwise having difficulty controlling his vehicle, and if he was having mechanical trouble, it seems unlikely that he would have waved the officer to pass him by.
When the speculation is eliminated, all that remains is that a police officer saw a man driving a pickup truck rather slowly on a dirt road at 11:00 p.m. We are unwilling to say that this observation is sufficient in itself to justify an investigative detention. The standard is not high, but it does require something more specific than the good hunch the officer had in this case.
For these reasons, we conclude that the trial court erred in denying the defendant's motion to suppress. Because the detention was unlawful, the evidence seized from the truck is inadmissible.
Reversed.
BARFIELD and VAN NORTWICK, JJ., concur.