PER CURIAM.
The appellant appeals his convictions for possession of cocaine and cannabis after pleading no contest and reserving the right to challenge the denial of his motion to suppress. Because the arresting officer did not have a reasonable suspicion to conduct an investigative stop of the appellant’s vehicle, rendering the resulting seizure illegal, we reverse the denial of the suppression motion and direct the trial court to discharge the appellant.
While patrolling a residential neighborhood at approximately 4 a.m., Officer Kennedy testified that he observed the appel *146 lant driving his vehicle slowly around the same block two times. He further testified that he had a suspicion that the appellant was either casing the neighborhood or seeking to engage in drug activity based on the fact that there had been recent burglaries in the area due to the high narcotic activity there. As the appellant proceeded to exit the neighborhood, the officer followed the appellant for about ten to twelve blocks to the outskirts of the neighborhood before stopping the vehicle. Officer Kennedy testified that the appellant had not committed any traffic violations and that there was no indication that the appellant had been involved in or was involved in any burglary or drug transaction. The officer simply believed the appellant “looked out of place.”
Police may temporarily detain a citizen if the officer has a well-founded, articula-ble suspicion that the person has committed, is committing, or is about to commit a crime. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); Popple v. State, 626 So.2d 185, 187 (Fla.1993); Love v. State, 706 So.2d 923, 924 (Fla. 2d DCA 1998). A hunch or bare suspicion is not enough. See Popple, 626 So.2d at 187. The operative facts in the instant case do not demonstrate a well-founded suspicion of criminal activity to justify an investigative detention. See, e.g., Love, 706 So.2d at 924 (holding that the facts known to the officer at the time of the stop — the appellant had been driving slowly late at night in the type of vehicle that is often stolen and in a neighborhood that had experienced burglaries in the past — did not create a well-founded suspicion for an investigatory stop); Faunce v. State, 884 So.2d 504 (Fla. 1st DCA Oct.11, 2004). At best, all that is shown is a citizen driving his vehicle slowly around the block twice in a residential neighborhood that had experienced burglaries in the past, and then exiting the neighborhood without committing any traffic infractions or violating any laws.
For the foregoing reasons, we conclude that the trial court erred in denying the appellant’s motion to suppress. Therefore, we reverse the denial of the suppression motion and direct the trial court to discharge the appellant because the motion was dispositive of the case. See Howard v. State, 515 So.2d 346 (Fla. 1st DCA 1987)(holding that a trial court’s denial of a motion to suppress in a drug case is dis-positive where the state has no other evidence with which it can proceed to trial against the defendant).
REVERSED and REMANDED with instructions.
WOLF, C.J., KAHN and POLSTON, JJ., concur.