RAMIREZ, J.
The defendant, Rudolph Manuel, appeals the trial court’s final judgment adjudicating him guilty of possession of cocaine, as well as the denial of his dis-positive motion to suppress evidence and statements. Because the arresting officer did not have a reasonable suspicion to conduct an investigative stop of Manuel, the resulting seizure was illegal. Consequently, the trial court erred in denying his motion to suppress.
Manuel went to trial on a charge of possession of cocaine with intent to sell within 1,000 feet of a community center. Prior to trial, he filed a motion to suppress cocaine that was seized, claiming that the police did not have reasonable suspicion to justify the stop. The trial court denied the motion.
The facts at trial established that Officers Cuneo and Smith of the Key West Police Department were driving by a public housing project when they saw an individual named Brandon Wallace standing on the housing project’s property. Officer Cuneo testified that the housing project was a high crime area. Both officers saw Wallace throw something into a car, but they had no idea what he threw.
The officers exited their vehicle and saw Wallace jog away from the area. Wallace had already received a trespass warning not to go on the housing project’s proper *1122 ty, so Officer Smith told Officer Cuneo to follow Wallace. Officer Cuneo got back into his car, followed Wallace for several blocks, then saw him run into an alley. As Wallace was running through the alley, he almost collided with Manuel, who was jogging in the opposite direction through the alley.
Officer Cuneo knew Manuel from the neighborhood and knew that he was friends with Wallace, so he decided to stop and detain both Wallace and Manuel so that he could investigate further. Officer Cuneo testified that he detained Manuel because he thought it was suspicious that he was running in the alley, that he was friends with Wallace, and that the detention area was a high crime area. Officer Cuneo admitted that he had no suspicion that Manuel had committed a crime prior to the stop.
While Manuel was being detained, Officer Cuneo claimed that he saw him throw three plastic bags to the ground. Officer Cuneo retrieved the bags that he believed contained cocaine and then arrested Manuel. Manuel was taken back to the police station. Officer Smith testified that after reading Officer Cuneo’s report, he remembered that Manuel waived his rights and admitted that he had thrown one of the baggies that was recovered by Officer Cu-neo.
At the conclusion of the State’s case, the trial judge granted Manuel’s motion to reduce the charge to simple possession of cocaine. The jury found Manuel guilty of possession of cocaine. The court sentenced Manuel to thirty months in state prison and then suspended the sentence and ordered that Manuel serve six months community control, followed by two years probation.
Manuel contends that the trial court erred in denying his motion to suppress the cocaine because the seizure of the physical evidence was the direct fruit of an illegal stop. In response, the State argues that the trial court did not err because Officer Cuneo had reasonable suspicion to stop Manuel.
An officer may conduct an investigatory stop of an individual when the officer has a reasonable, articulable suspicion that a person has committed, is committing, or is about to commit a crime. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). See also Abraham v. State, 532 So.2d 91 (Fla. 4th DCA 1988); § 901.151, Fla. Stat (“Florida Stop and Frisk Law”)(2000). “A founded suspicion is a suspicion which has some factual foundation in the circumstances observed by the officer, when those circumstances are interpreted in the light of the officer’s knowledge.” State v. Stevens, 354 So.2d 1244, 1247 (Fla. 4th DCA 1978). A mere or bare suspicion is insufficient. See McDavid v. State, 889 So.2d 145 (Fla. 1st DCA 2004).
The operative facts in this case do not demonstrate a well-founded suspicion of criminal activity to justify an investigative detention. The transcript clearly reflects that the arresting officer admitted at the hearing on Manuel’s motion to suppress the cocaine, that at the time he detained Manuel, he did not believe that Manuel had committed, was committing, or was about to commit a crime. Because the initial stop was not based on reasonable suspicion, the subsequent seizure of the cocaine which Manuel threw away after the illegal detention should have been suppressed. The investigatory stop was illegal, and thus reversal on this point is warranted. See McMaster v. State, 780 So.2d 1026 (Fla. 5th DCA 2001). Accordingly, we reverse Manuel’s conviction, reverse the denial of his suppression motion, *1123 and remand to the trial court with instructions to discharge Manuel.
Reversed and remanded with instructions.