41 So.3d 1000 (2010)
Austin Thomas BEAHAN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D09-4226.
District Court of Appeal of Florida, First District.
August 5, 2010.
*1001 Nancy A. Daniels, Public Defender, Steven L. Seliger, Assistant Public Defender, M.J. Lord, Assistant Public Defender, and Catharine Schoenecker, Legal Intern, Office of the Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Office of the Attorney General, Tallahassee; Meredith Charbula, Department of Legal Affairs, Tallahassee, for Appellee.
PADOVANO, J.
This is an appeal from an order withholding adjudication of guilt and placing the defendant on probation for possession of a controlled substance and possession of drug paraphernalia. We conclude that the contraband items at issue should have been suppressed from evidence on the ground that they were illegally seized from the defendant's vehicle. Accordingly, we reverse.
The charges arose from a traffic stop on the evening of September 10, 2008, on a street in front of the Milton Housing Project in Milton, Florida. Sergeant Scott Haines of the Santa Rosa County Sheriff's Office was on patrol at that location, because drug transactions were known to take place there.
Sergeant Haines testified that he observed the defendant driving his car slowly down the street and stopping in front of several of the housing units. The street was a two-lane street with sidewalks on each side. After proceeding down the street past several of the residences, the defendant turned around and headed in the other direction. He could have reversed course by making a three-point turn but instead he made a U-turn by driving his vehicle up over the curb on the opposite side of the street. According to Sergeant Haines, the wheels of the defendant's car went onto the grass about two or three feet from the edge of the curb. *1002 There were no other vehicles on the street at the time.
Based on these facts, Sergeant Haines signaled for the defendant to pull over. The defendant produced his driver's license and, while running a computer check on the license, Sergeant Haines called another officer for assistance. Sergeant Haines told the defendant that the reason for the stop was that he had made an illegal U-turn onto the grass. He said that the defendant was nervous but that he did not smell of alcohol and that he did not appear to be under the influence of drugs or alcohol.
Within five minutes a canine officer arrived at the scene with a drug-sniffing dog in the back of his patrol car. The canine officer had arranged to be in the area of the Milton Housing Project. He knew that Sergeant Haines would be working there and he had planned to be close by, in case he was needed. The dog alerted on the defendant's car, and the officers eventually discovered within the car a smoking pipe and a baggie with a crushed up white substance in it. Sergeant Haines then arrested the defendant for the drug offenses.
The defendant moved to suppress the evidence found in his car and the court held an evidentiary hearing on the motion. At the hearing, Sergeant Haines conceded that he had not issued the defendant a citation for making an illegal turn, even though that was the reason he initially gave for stopping the vehicle. He testified during the suppression hearing that he stopped the vehicle because he feared that the defendant was driving under the influence of alcohol or drugs.
The trial court concluded that the improper turn could give rise to a suspicion that the defendant was impaired. Based on that reasoning, the trial court denied the motion to suppress. The defendant entered a plea of nolo contendere, reserving his right to appeal the order denying the motion. The parties acknowledge that the order is dispositive.
To make a lawful traffic stop for driving under the influence of drugs or alcohol, an officer must have a reasonable suspicion that the driver is impaired. See Dep't of Motor Vehicles v. DeShong, 603 So.2d 1349 (Fla. 2d DCA 1992); State v. Carrillo, 506 So.2d 495 (Fla. 5th DCA 1987). Whether a reasonable suspicion exists under a given set of facts is a question of law reviewable by the de novo standard. See Ikner v. State, 756 So.2d 1116 (Fla. 1st DCA 2000). Because we conclude that Sergeant Haines did not have a reasonable suspicion that the defendant was impaired at the time of the stop, we hold that the subsequent search of the vehicle was unlawful.
The fact that the defendant was driving slowly in a residential neighborhood should not be regarded as unusual. Any safe driver would proceed cautiously down a two-lane residential street with sidewalks on both sides. Nor is it cause for suspicion that the defendant stopped from time to time. He was not driving erratically and the fact that he stopped a few times along the side of the street is more likely to indicate that he was looking for an address or speaking with friends than it does to suggest that he was impaired by the use of alcohol or drugs.
Whether the observation of an improper U-turn would be cause to suspect that a driver is impaired depends on the circumstances. Perhaps there would have been some cause for concern if the turn had been made in the face of oncoming traffic or on a dangerous curve or at a point where the visibility was restricted. But in this case there was nothing about the turn that would have suggested that the driver was not operating the vehicle safely. *1003 There were no pedestrians in the way, and there was no traffic on the street. The fact that the wheels came over the curb and a few feet onto the grass is not itself a reason for concern. An unimpaired driver might have thought that the street was wide enough for the turning radius of the vehicle only to find that it was not.
This leaves only the fact that the events took place in an area where drug transactions are known to take place. Of course, this fact is not sufficient to support a reasonable suspicion of criminal activity. The fact that there have been drug arrests in a particular neighborhood before is not a reason to believe that every person driving through that neighborhood is there to sell or purchase drugs. See e.g., Dames v. State, 566 So.2d 51 (Fla. 1st DCA 1990); Bolinger v. State, 576 So.2d 875 (Fla. 2d DCA 1991). Here the question is whether the officer had a reasonable suspicion that a person driving through a known drug area was impaired by the use of drugs. The answer is no different. The fact that drug transactions were known to take place in the neighborhood is not alone sufficient to support a reasonable suspicion.
We have considered the possibility that the order might be upheld on the ground that Sergeant Haines had probable cause to stop the defendant for making an illegal U-turn. Probable cause to believe that a traffic violation occurred could justify the stop under the rule in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), regardless of the officer's motivation, but the state does not seek to justify the search on that basis. The sole argument made on appeal is that Sergeant Haines had a reasonable suspicion to stop the vehicle, because he feared that the defendant was under the influence of drugs or alcohol.
Whether Sergeant Haines had probable cause to stop the defendant for a traffic infraction is questionable in any event. Section 316.1515, Florida Statutes prohibits a driver from making a U-turn only if such a turn is prohibited by a posted traffic sign or if the turn cannot be made safely and without interfering with traffic. See Bender v. State, 737 So.2d 1181 (Fla. 1st DCA 1999) (concluding that the officer had probable cause to make an arrest for an illegal turn because the turn was made near a dangerous curve). As we have explained, there was no traffic in the area and the defendant appeared to be operating his vehicle safely.
For these reasons, we conclude that there was no reasonable suspicion to believe that the defendant was driving his car while impaired. Because the officer lacked a reasonable suspicion to stop the vehicle, the subsequent search was unlawful and the evidence seized from the vehicle should have been suppressed.
Reversed.
BENTON, J., concurs.
WOLF, J., dissents with opinion.
WOLF, J., Dissenting.
I would affirm the trial court's denial of appellant's motion to suppress. The totality of the circumstances supported a determination by the trial court that the officer had a founded suspicion that appellant was driving under the influence of alcoholic beverages or a controlled substance.
The police officer testified that on the night of the incident, he was on patrol in a known drug area on a residential, two-lane street. He observed appellant "driving slow" and "stopping in front of different units," although he "did not exit the vehicle." Appellant then made a U-turn and in doing so he left the roadway and drove up onto the curb, which was approximately 7 *1004 or 8 inches high, before returning his vehicle back on the roadway. Appellant drove over the curb 2 or 3 feet onto the grass that was between the curb and the sidewalk, but he did not drive on the sidewalk. The officer testified that all of these concerns but mainly the defendant leaving the roadway, "raised my suspicions as to his possibly being under the influence of a substance...."
The trial court denied the motion to suppress and specifically stated, "[t]hat he went up on the curb in the manner he did, I think a reasonable person might have a suspicion that maybe he was impaired of some sort. And I believe there was a safe [sic] issue."
The trial court's determination is supported by the law and the public policy concern that when a police officer observes erratic driving behavior (especially when coupled with other circumstances such as being in a known drug area late at night), the officer should have the right to conduct a further investigation for the protection of our citizens.[1]
The majority suggests that because there was an alternative innocent explanation for appellant's behavior, reasonable suspicion did not exist. I do not believe this accurately reflects the law, nor should public policy support such a conclusion when we are dealing with a potential DUI.
In Hernandez v. State, 784 So.2d 1124, 1126 (Fla. 3d DCA 1999), the court found reasonable suspicion can exist even if the suspicious activity is consistent with innocent activity. In State v. Johnson, 516 So.2d 1015, 1021 (Fla. 5th DCA 1987), the Fifth District specifically addressed whether reasonable suspicion is negated because the factors relied on by the officer may not necessarily be inconsistent with a particular hypothesis of innocence.
A founded suspicion consists of "specific and articulable facts which taken together with rational inferences from those facts, reasonably warrant [detention]." Terry v. Ohio, [392 U.S. 1] 88 S.Ct. [1868] at 1880 [20 L.Ed.2d 889 (1968) ]. Thus, the police officer's suspicions need not be inconsistent with a hypothesis of innocence. Rather, they need to be based only on rational inferences, from articulable facts, which reasonably suggest criminal activity.
I would affirm the decision of the trial court.
NOTES
[1] I would note the fact that no other cars were on this particular road at the specific time of the incident does not abate the safety concerns for those drivers and pedestrians appellant may suddenly confront.