50 So.3d 751 (2010)
STATE of Florida, Appellant,
v.
Y.Q.R., Appellee.
No. 2D09-5610.
District Court of Appeal of Florida, Second District.
December 22, 2010.
*752 Bill McCollum, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Megan Olson, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Judge.
The State appeals from an order granting Y.Q.R.'s motion to suppress, in which the trial court concluded that Y.Q.R. was arrested following an unlawful traffic stop. We conclude that the arresting officer lawfully stopped the car in which Y.Q.R. was riding after watching the car make an improper left turn, as defined under section 316.151(1)(b), Florida Statutes (2008). Because the stop was lawful, the trial court erred in granting Y.Q.R.'s motion to suppress. We therefore reverse the order on appeal and remand for further proceedings.
In June 2009, Officer Jonathan Bailey, while on patrol, was traveling northbound in the center lane of South Missouri Avenue in Pinellas County. He came to a stop at a light at the intersection with Court Street. According to Officer Bailey, the northbound portion of South Missouri Avenue was made up of three lanes: a through-lane, a left-turn lane, and a right-turn-only lane. Although the light was green, the car in front of Officer Bailey was stopped in the through-lane. The driver of this car waited for all the vehicles in the left-turn lane to proceed through the intersection. The driver then activated his turn signal and made a left turn. Although this turn did not affect any other traffic, Officer Bailey concluded that the turn was unlawful. He stopped the vehicle and discovered marijuana and paraphernalia.
After the State filed a delinquency petition against Y.Q.R., he argued successfully to the trial court that the vehicle's turn was lawful because it "was done in a safe manner and did not affect the flow of traffic." This argument appears to have three sources: First, the failure to signal a turn can constitute a traffic offense under section 316.155 if the turn affects traffic. See State v. Riley, 638 So.2d 507, 508 (Fla.1994). Second, under section 316.1515, a U-turn can amount to a traffic offense if it interferes with traffic or cannot be made safely. See Bender v. State, 737 So.2d 1181, 1181 (Fla. 1st DCA 1999). Third, where it impacts other traffic, a turn made from the wrong lane can constitute erratic driving so as to provide a basis for an investigatory stop. Cf. Nicholas v. State, 857 So.2d 980, 981 (Fla. 4th DCA 2003).
Here, Officer Bailey simply stopped the driver of this car for an improper left turn, an offense defined under section 316.151(1)(b). That section provides:
Left turn.  The driver of a vehicle intending to turn left at any intersection shall approach the intersection in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle, and, after entering the intersection, the left turn shall be made so as to leave the intersection in a lane lawfully available to traffic moving in *753 such direction upon the roadway being entered. . . . Whenever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection.
As a noncriminal traffic infraction, a violation of this section can provide a basis to perform a lawful traffic stop. See § 316.151(3); see also State v. Allen, 978 So.2d 254, 255 (Fla. 2d DCA 2008).
Section 316.151(1)(b) requires a driver performing a left turn to make the turn from "the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle." This section does not condition the lawfulness of a left turn on whether the turn impacts traffic. We reject Y.Q.R.'s argument that, under the last sentence of section 316.151(1)(b), a proper left turn is required only "[w]henever practicable." This sentence more likely pertains to those situations in which it is not practicable for a vehicle to remain within the turn lane while completing the turn.
Here, it is undisputed that the driver of the car in which Y.Q.R. was riding began his turn from the center, through-lane of traffic, not the extreme left-hand lane. In doing so, the driver committed a traffic infraction. Officer Bailey observed the infraction  in fact, he videotaped it. The trial court therefore erred in concluding Officer Bailey did not have a lawful basis to stop the vehicle in which Y.Q.R. was traveling. Accordingly, we reverse the order granting Y.Q.R.'s motion to suppress and remand for further proceedings consistent with this opinion.
Reversed and remanded.
KHOUZAM and CRENSHAW, JJ., Concur.