NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JAMES WILLIAM FLYNN, *Petitioner*,

*v.*

THE HONORABLE PATRICIA ANN STARR, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

STATE OF ARIZONA, in and for the County of MARICOPA, MESA CITY
PROSECUTOR'S OFFICE, *Real Party in Interest*.

No. 1 CA-SA 19-0156
FILED 8-22-2019

Petition for Special Action from the Superior Court in Maricopa County
No.  LC2018-000456-001
The Honorable Patricia A. Starr, Judge

Mesa Municipal Court No. 2017088643

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Fountain Hills Law Firm, Fountain Hills
By Tait D. Elkie
*Counsel for Petitioner*

Mesa City Prosecutor's Office, Mesa
By Stacey Good, John L. Belatti
*Counsel for Real Party in Interest*

_____

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Vice Chief Judge Kent E. Cattani and Judge Maria Elena Cruz joined.

_____

**J O N E S**, Judge:

¶1          James Flynn petitions for special action relief from the superior court's order reversing the municipal court's decision to suppress evidence obtained following a traffic stop. For the following reasons, we accept jurisdiction and grant relief.

## FACTS AND PROCEDURAL HISTORY

¶2          In late 2017 and early 2018, Flynn was charged in the City of Mesa municipal court with four counts of driving under the influence (DUI). Flynn moved to suppress evidence obtained from the traffic stop, alleging the arresting officer lacked reasonable suspicion to initiate it.

¶3          At the June 2018 evidentiary hearing, the officer testified that, while on patrol for a DUI task force on December 7, 2017 around 9:30 p.m., he first observed Flynn when he was exiting a strip mall parking lot near Dobson and Guadalupe Roads in Mesa. The strip mall contained several restaurants that were open at the time but, because the officer knew there was a hole in a fence on the opposite side of the complex that separated the strip mall parking lot from an adjacent bar, he followed Flynn for approximately two miles. During this time, the officer estimated Flynn's speed at between twenty-eight and thirty-five miles per hour, never reaching the posted limit of forty-five miles per hour. In the course of following Flynn, the officer observed no traffic violations or other clues of impairment.

¶4          The officer testified he initiated the stop solely because Flynn left the vicinity of a bar and then traveled at a speed that varied but remained below the posted limit. However, the officer did not remember how many times Flynn's speed varied. He did not have any clear recollection of where the fluctuations occurred or whether Flynn had been required to stop or slow down for any of the seven light-controlled intersections the pair encountered. Nor was he able to testify as to how

frequent or great a speed variance would need to be to qualify as a clue of impairment.

¶5        After taking the matter under advisement, the municipal court determined the State had not met its burden of proving the officer had a valid, reasonable suspicion to initiate the traffic stop and granted Flynn's motion to suppress.  On appeal, the superior court reversed.  Flynn now petitions this Court for special action relief from the superior court's final judgment.  Because Flynn has no alternative remedy for the superior court's error, *see* Ariz. Rev. Stat. § 22-375[1] (permitting an appeal from a final judgment of the superior court in an action from a justice of the peace or municipal court only "if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute"); *see also State ex rel. McDougall v. Superior Court*, 170 Ariz. 474, 475 (App. 1991); Ariz. Super. Ct. R. App. P. (Crim.) 13(b), we accept special action jurisdiction, *see Glenn H. v. Hoskins*, 244 Ariz. 404, 407, ¶ 7 (App. 2018) ("Special action jurisdiction is proper when a party has no 'equally plain, speedy, and adequate remedy by appeal.'") (quoting Ariz. R.P. Spec. Act. 1(a)).

### DISCUSSION

¶6        Flynn argues the superior court decision to reverse the municipal court's suppression order is error.  On appeal, "[w]e view the facts in the light most favorable to support the trial court's ruling on a motion to suppress."  *State v. Hernandez*, 244 Ariz. 1, 3, ¶ 8 (2018) (citing *State v. Cook*, 115 Ariz. 188, 192 (1977)).  We likewise "defer to the [trial] court's determinations of the credibility of the officers and the reasonableness of the inferences they drew."  *State v. Mendoza-Ruiz*, 225 Ariz. 473, 475, ¶ 6 (App. 2010) (citing *State v. Gonzalez-Gutierrez*, 187 Ariz. 116, 118 (1996)).  We accept the court's factual findings unless clearly erroneous but review its ultimate legal determination that the investigatory stop was justified *de novo*.  *State v. Rogers*, 186 Ariz. 508, 510 (1996) (citing *Ornelas v. United States*, 517 U.S. 690, 699 (1996)).

¶7        The Fourth Amendment protects against "unreasonable searches and seizures."  U.S. Const. amend. IV.  "A law enforcement stop of a vehicle constitutes a seizure under the Fourth Amendment and 'must be justified by some objective manifestation that the person stopped is, or is about to be engaged in criminal activity.'"  *State v. Gutierrez*, 240 Ariz. 460, 463, ¶ 7 (App. 2016) (quoting *State v. Richcreek*, 187 Ariz. 501, 503-04 (1997)).

---

[1]        Absent material changes from the relevant date, we cite the current version of statutes and rules.

"Hunches, intuition, and 'unparticularized suspicion' are not enough." *Richcreek*, 187 Ariz. at 505 (quoting *State v. Graciano*, 134 Ariz. 35, 37 (1982)). Rather, "the 'totality of the circumstances' must provide 'a particularized and objective basis for suspecting the particular person'" has violated the law. *Gonzalez-Gutierrez*, 187 Ariz. at 118 (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)).

¶8         Although we might typically afford deference to "a trained law enforcement officer's ability to distinguish between innocent and suspicious actions," *State v. Teagle*, 217 Ariz. 17, 24, ¶ 26 (App. 2007) (citing *United States v. Arvizu*, 534 U.S. 266, 273-74 (2002)), such deference is not appropriate here. As the municipal court's order makes clear, the officer did not provide a factual basis for his suspicion that Flynn was impaired. Indeed, the court specifically found the officer had no objective reason to believe Flynn was not conducting legitimate business within the strip mall, the officer could not remember when or how often Flynn's speed varied, and the officer could not articulate any standard upon which to conclude a speed variance resulted from impairment. These findings are supported by the record and indicate the municipal court did not find the officer's assessment of the circumstances credible. Moreover, we agree with other courts that have recognized that driving below the posted speed limit does not by itself furnish reasonable suspicion. *See, e.g.*, *Price v. Kramer*, 200 F.3d 1237, 1247 (9th Cir. 2000); *Faunce v. State*, 884 So. 2d 504, 507 (Fla. Dist. Ct. App. 2004); *State v. Brown*, 509 N.W.2d 69, 71 (N.D. 1993); *Richardson v. State*, 39 S.W.3d 634, 640 (Tex. Ct. App. 2000); *see also Salt Lake City v. Bench*, 177 P.3d 655, 660, ¶ 13 (Utah Ct. App. 2008) ("Prudent driving — going slower than the posted speed limit . . . — is simply not suspicious. It is commendable.").

¶9         When considering all the above factors together, viewing the evidence in the light most favorable to the municipal court's order granting Flynn's motion to suppress, and deferring to the fact-finder's assessment of the arresting officer's credibility, as we must, *see supra* ¶ 6, we cannot say the municipal court abused its discretion in concluding the State failed to meet its burden of showing a reasonable suspicion of criminal activity justifying the stop. The superior court erred when it failed to give the municipal court's decision proper deference, second-guessed the municipal court's assessment of witness credibility, and reweighed the evidence. Accordingly, we accept jurisdiction and grant relief.

## CONCLUSION

¶10 The superior court erred in substituting its judgment for that of the municipal court. Accordingly, the decision of the superior court is reversed. The case is remanded to the municipal court for proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED: AA