NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRI ALLENBRAND, a/k/a           )
TERRI GRAHAM,                     )
                                  )
        Appellant,                )
                                  )
v.                                )        Case No.  2D17-4787
                                  )
STATE OF FLORIDA,                 )
                                  )
        Appellee.                 )
_____)

Opinion filed November 13, 2019.

Appeal from the Circuit Court for Pinellas
County; Frank Quesada, Judge.

Melissa A. Loesch of Roger Futerman &
Associates, Clearwater, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Elba Caridad Martin,
Assistant Attorney General, Tampa, for
Appellee.


SILBERMAN, Judge.

        Terri Allenbrand, also known as Terri Graham, appeals her judgment and

sentences for (1) felony DUI (third within ten years) and (2) misdemeanor driving while

license suspended or revoked.  Allenbrand entered a guilty plea and specifically

reserved her right to appeal the denial of her dispositive motion to suppress.  Because

the officer lacked a reasonable suspicion of criminal activity to support an investigatory stop, the trial court should have granted her motion to suppress. Thus, we reverse her judgment and sentences and remand for discharge.

The officer who conducted the investigatory stop was the only witness at the suppression hearing. The officer received a dispatch at around 1:00 a.m. regarding a dark pickup truck with a loud muffler in the area of 46th Avenue Northeast and Shore Acres Boulevard Northeast in St. Petersburg. An anonymous caller stated that the vehicle "had been in the area for about an hour driving back and forth between 49th Avenue Northeast and 48th Avenue Northeast." Notes on a second anonymous call only indicate that the "[s]econd call referenced the same vehicle."

The officer described the neighborhood as "Shore Acres or Snell Isle." He arrived in the area about ten minutes after receiving the dispatch and positioned his cruiser near the entrance to Shore Acres on the main road that goes in and out of the neighborhood. The officer observed a dark pickup truck and heard a loud exhaust. He estimated that he could hear the exhaust from 50 to 100 feet away. He pulled his cruiser behind the vehicle and saw it stop abruptly for several seconds in the roadway. There were no obstructions in front of the vehicle. The vehicle then continued on and made a turn on Shores Acres Boulevard Northeast. The officer conducted a stop of the vehicle. Allenbrand was the driver, and the officer noticed signs of impairment. Allenbrand was ultimately charged with DUI and driving with a revoked or suspended license.

At the conclusion of the suppression hearing, the trial court took the matter under advisement. At a later hearing, the court announced its ruling and stated "that

there was enough suspicion to stop the car." The trial court explained its grounds for denying the motion as follows: "There were two complaints, both talking about the same thing and about what was it, 20 minutes later law enforcement arrived on the scene and confirmed that, in fact, a vehicle with a loud muffler was there; a stop that resulted in an arrest for a DUI."

On appeal, our review of a ruling on a motion to suppress regarding the application of the law to the facts is de novo. State v. Teamer, 151 So. 3d 421, 425 (Fla. 2014). "Whether a reasonable suspicion exists under a given set of facts is a question of law reviewable by the de novo standard." Beahan v. State, 41 So. 3d 1000, 1002 (Fla. 1st DCA 2010).

A law enforcement "officer may reasonably detain a citizen temporarily if the officer has a reasonable suspicion that a person has committed, is committing, or is about to commit a crime." Teamer, 151 So. 3d at 425 (quoting Popple v. State, 626 So. 2d 185, 186 (Fla. 1993)); see also § 901.151(2), Fla. Stat. (2016). To avoid a violation of an individual's Fourth Amendment rights, the suspicion of criminal activity must be well-founded and articulable. Popple, 626 So. 2d at 186. An unparticularized or bare suspicion or a hunch is insufficient. Teamer, 151 So. 3d at 426; Love v State, 706 So. 2d 923, 924 (Fla. 2d DCA 1998). To determine if reasonable suspicion exists, the court must consider the totality of the circumstances based on the viewpoint of an objectively reasonable law enforcement officer. See Teamer, 151 So. 3d at 426.

In Love, this court determined that a deputy did not have a founded suspicion to stop a vehicle. 706 So. 2d at 924. This court stated, "We are unwilling to hold that driving slowly late at night, in a type of vehicle that is often stolen, in a

neighborhood that has had burglaries at some unspecified time in the past will justify an investigatory stop." Id.

Similarly, in McDavid v. State, 889 So. 2d 145, 145-46 (Fla. 1st DCA 2004), an officer twice saw the defendant drive slowly around the block in a residential neighborhood around 4 a.m. The officer suspected that the defendant was "either casing the neighborhood or seeking to engage in drug activity based on the fact that there had been recent burglaries in the area due to the high narcotic activity there." Id. at 146. After following him for ten to twelve blocks, the officer stopped the defendant. The officer admitted that nothing indicated that the defendant had been involved in any burglary or drug activity and that the defendant had not committed any traffic violation. Rather, the officer believed that the defendant "looked out of place." Id. The appellate court determined that the facts were insufficient to "demonstrate a well-founded suspicion of criminal activity to justify an investigative detention." Id.; see also White v. State, 737 So. 2d 1117, 1118 (Fla. 2d DCA 1999) (determining that there was no reasonable suspicion when a car with its headlights off was seen driving back and forth by a closed marina at approximately 3:30 a.m., the car turned into a motel parking lot adjacent to the marina, an occupant of the car yelled profanities when a security guard approached the car, and the car then drove away).

In Beahan, the appellate court determined that an officer did not have a reasonable suspicion that a driver was impaired. 41 So. 3d at 1002. He was driving slowly in a residential neighborhood known for drug transactions. Id. at 1001. The driver "stopped from time to time" on the side of the street but was not driving erratically. Id. at 1002. He then made a U-turn in which he drove over the curb. Id. at 1001. In

addition to determining that there was no reasonable suspicion of a crime, the appellate court pointed out that the State did not attempt to justify the stop on the basis of a traffic violation for an illegal U-turn.  Id. at 1003 ("The sole argument made on appeal is that Sergeant Haines had a reasonable suspicion to stop the vehicle[] because he feared that the defendant was under the influence of drugs or alcohol.").

Notably, the State does not argue on appeal that the stop was valid as a traffic stop for a loud muffler.  When the prosecutor asked if the basis for the stop could have been the statute regulating loud mufflers, the officer said, "It could have."  But he acknowledged that he did not know the parameters of the statute governing loud mufflers.  He confirmed that he stopped the vehicle for investigatory purposes solely based on the information given over the call.  He did not stop the vehicle for any traffic infractions and did not issue any traffic citations.

The officer acknowledged that the neighborhood is not known for drug activity and is not a high crime area.  The information in the dispatch did not lead him to believe that a crime had occurred, and he had received no information on the speed of the vehicle.  When asked if he needed to stop the vehicle because a crime was about to happen, he responded, "Possibly, yes."  The officer stated that his conclusion was "[b]ased on the fact that it's 1:00 a.m. in the morning" in a "very quiet residential neighborhood" and that the vehicle was "[d]riving around the area for at least an hour."

The only additional information that came from the officer's observation was that the vehicle stopped for a few seconds on a residential road.  When he encountered the vehicle, it was not speeding or traveling at an excessively slow rate.  It

did slow before it came to a brief stop.  He did not initiate the stop because the vehicle had stopped in the roadway for a few seconds.

The officer candidly admitted he did not have information that a crime had occurred.  The anonymous caller reported a vehicle with a loud muffler driving in the area for around an hour and did not report erratic driving or other suspicious behavior.  Further, the officer did not express what crime he believed "possibly" might have occurred.  Additionally, the State has not argued on appeal what possible crime might have occurred.  The failure to articulate facts regarding a specific criminal offense weighs against a finding of a reasonable suspicion.  See Majors v. State, 70 So. 3d 655, 661 (Fla. 1st DCA 2011).

The officer did not testify that the circumstances led him to believe that a burglary or drug offense might occur.  And he did not testify that, prior to the stop, he believed the driver was impaired.  Simply put, the facts known to the officer at the time he made the stop do not support any speculation as to a possible crime or driver impairment.  See id. at 659-60 (recognizing that facts discovered after the stop should not be considered).

Based on the totality of the circumstances described by the officer, there was no well-founded, articulable suspicion that the driver of the vehicle committed, was committing, or was about to commit a crime.  Therefore, the trial court should have granted the motion to suppress.  Because the motion was dispositive of the case, we reverse Allenbrand's judgment and sentences and remand for the trial court to discharge her.  See White, 737 So. 2d at 1119; McDavid, 889 So. 2d at 146.

Reversed and remanded.

- 6 -

SALARIO and ROTHSTEIN-YOUAKIM, JJ., Concur.